Cynthia LORENTZ, Administratrix of the Estate of Carolyn M. Polk, Deceased, Petitioner,

v.

James F. DUNN, M.D. and United Clinics of North Texas, P.L.L.C., Respondents.

No. 03–0790.

Supreme Court of Texas.

Argued Nov. 10, 2004.

Decided May 13, 2005.

Rehearing Denied Oct. 14, 2005.

Christopher L. Bagby, W. McFarland Bagby, Bagby Law Firm, and David R. Sweat, E.L. Atkins, Law Offices of E.L. Atkins & Associates, and Deborah K. Hartley, Ross & Hartley, P.C., Arlington, TX, for Petitioners.

Tonya Johnson Myck, William H. Chamblee, David Michael Walsh IV, Jeffery

Mark Kershaw, Chamblee & Ryan P.C., Dallas, TX, for Respondents.

Chief Justice JEFFERSON delivered the opinion of the Court.

Cynthia Lorentz filed a survival action on behalf of her deceased sister, Caroline Polk, against respondents, James F. Dunn, M.D. and United Clinics of North Texas, P.L.L.C. (collectively, "Dunn"). In her original petition, Lorentz asserted she was administrator of her sister's estate. In actuality, her petition to be appointed the estate's administrator was still pending in county court, and that court did not appoint her administrator until after the statute of limitations on the survival action expired. On Dunn's motion, the trial court dismissed Lorentz's suit for want of jurisdiction, and the court of appeals affirmed. 112 S.W.3d 176, 179.

For the reasons set forth in *Austin Nursing Center v. Lovato*, 171 S.W.3d 845, 2005 WL 1124764 (Tex.2005), decided today, we conclude the standing doctrine's requirements were satisfied and that the trial court had jurisdiction to hear Lorentz's claims. Further, we hold that any defect in Lorentz's capacity was cured when she was appointed the estate's administrator, and the trial court erred in dismissing the case. Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

Carolyn Polk died in the hospital on May 5, 1997, allegedly while under the care of James F. Dunn, M.D. and United Clinics of North Texas, P.L.L.C. On June 17, 1999, Cynthia Lorentz, Polk's sister, filed an action in county court, seeking to be appointed administrator of Polk's estate. On July 14, 1999, before the county court appointed her administrator, Lorentz filed this survival action on the estate's behalf. *See* Tex. Civ. Prac. & Rem.Code § 71.021. Lorentz alleged that she was "Administratrix of the Estate of Carolyn M. Polk" and that Dunn's medical negligence caused Polk's death. On July 26, 1999, the county court appointed Lorentz administrator of Polk's estate. The parties agree that Lorentz filed her original petition before the statute of limitations expired, but that she was not appointed administrator until after limitations ran.[1] Lorentz amended her petition, but the allegations regarding her representative capacity remained the same; she continued to assert the survival claim as "Administratrix of the Estate of Carolyn M. Polk."

Shortly before trial was to begin, Dunn moved to dismiss on the ground that Lorentz had not been appointed administrator until after the statute of limitations expired. Dunn asserted that Lorentz lacked standing to bring suit and as a result, the trial court lacked subject matter jurisdiction to hear her claims. Dunn also argued that Lorentz's counsel violated Texas Rule of Civil Procedure 13 by signing a petition reciting Lorentz's representative status when he knew that Lorentz had not been appointed administrator. Dunn urged dismissal as an appropriate sanction.

---

1. The survival action in this case is a health care liability claim governed by the two-year statute of limitations in the Medical Liability and Insurance Improvement Act (the "MLI-IA"). *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, §§ 1.01–12.01, 1977 Tex. Gen. Laws 2039–2053 (former Tex.Rev.Civ. Stat. art. 4590i), *repealed by* Act of June 2, 2003, 78th Leg., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. While this case was pending, the Legislature enacted House Bill 4 ("H.B.4") which repealed article 4590i and governs all health care liability claims filed on or after September 1, 2003. Act of June 2, 2003, 78th Leg., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 884 (now codified at Tex. Civ. Prac. & Rem.Code §§ 74.001–.507).

Lorentz asserted that the issue was one of capacity, not standing, and that Dunn waived the point by failing to raise it in a plea in abatement or verified denial. *See* Tex.R. Civ. P. 93(1)-(2). Lorentz also contended that her status as administrator should relate back to the date of her original petition.

The trial court dismissed the case for want of subject matter jurisdiction, finding that "Lorentz did not have standing to bring this suit until after the statute of limitations had expired on July 19, 1999." The court of appeals affirmed, holding that "only a personal representative, administrator, or, in some cases, an heir," has standing to bring a survival claim on behalf of an estate, and because Lorentz did not qualify as the estate's administrator, the trial court correctly decided that it lacked subject matter jurisdiction to hear Lorentz's claims. 112 S.W.3d at 179; *see* Tex. Civ. Prac. & Rem.Code § 71.021. Further, the court held that Lorentz's post-limitations "amended pleading filed after she obtained standing did not relate back to her original petition to confer jurisdiction on the trial court." *Id.* We granted Lorentz's petition for review. 47 Tex. Sup.Ct. J. 658 (June 18, 2004).

■■■ Lorentz argues that the court of appeals erred in dismissing the suit for lack of jurisdiction because the defect, if any, at the time she filed her original petition was related to her capacity to bring suit and not the estate's standing. She further argues that if a defect in capacity existed at the time she filed, it was later cured when she was appointed administrator of the estate. Based on our holding today in *Lovato*, we agree.

■■■ A plaintiff must have both standing and capacity in order to bring a lawsuit. *Lovato*, 171 S.W.3d at 848; *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex.

2001). In *Lovato*, we held that "in a survival action, the decedent's estate has a justiciable interest in the controversy sufficient to confer standing." *Lovato*, 171 S.W.3d at 850. Because this is such a case, the estate had standing to sue. We also held that, when a person is appointed administrator of the estate, she acquires the capacity to assert a survival claim on the estate's behalf. *Id.; see also Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971) ("[T]he personal representative . . . is ordinarily the only person entitled to sue for the recovery of property belonging to the estate"). Lorentz was appointed administrator of the estate on July 26, 1999, giving her the capacity to bring a survival claim on behalf of Polk's estate. For the reasons set forth in *Lovato*, we conclude that Lorentz's late-acquired capacity cured her pre-limitations lack thereof, and the trial court therefore erred in dismissing the case.

Finally, Dunn argued in the trial court that Lorentz's false statement of capacity in her pleadings merited sanctions—specifically, dismissal. As in *Lovato*, we note that the trial court has the means to address misrepresentations in a party's pleadings, and we leave this matter to that court's discretion. *See, e.g.,* Tex. Civ. Prac. & Rem.Code ch. 10; Tex.R. Civ. P. 13.

For the foregoing reasons, we reverse the court of appeals' judgment and remand this case to the trial court for further proceedings. Tex.R.App. P. 60.2(d).

Justice JOHNSON did not participate in the decision.