NO. 07-03-0351-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL A



JUNE 28, 2005



______________________________



PATRICIA LAZARD COVINGTON AND ELIZABETH ROBERTS, 


ON BEHALF OF VINCENT LAZARD, DECEASED, APPELLANTS



V.



SISTERS OF CHARITY OF THE INCARNATE WORD, HOUSTON


TEXAS D/B/A ST. ELIZABETH HOSPITAL OF BEAUMONT, CHRISTUS 


HEALTH SOUTHEAST TEXAS D/B/A CHRISTUS ST. ELIZABETH HOSPITAL


 AND PAUL D. WESOLOW, M.D., APPELLEES


_________________________________



FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. D166696; HONORABLE MILTON SHUFFIELD, JUDGE


_______________________________



Before REAVIS and CAMPBELL, JJ. (1)

OPINION


 Appellants Elizabeth Roberts and Patricia Lazard Covington, independent
administrator of the estate of Vincent Lazard, appeal a summary judgment dismissing their
survival claims asserted on behalf of the estate. We will affirm the judgment. Factual and Procedural Background

 Vincent Lazard died intestate on December 27, 1999, while a patient at Christus St.
Elizabeth Hospital in Beaumont. He did not leave a surviving wife but was survived by
three children. On August 31, 2000, his daughter Patricia Lazard Covington was appointed
independent administrator of his estate by the probate court of Jefferson County. 

 Lazard also was survived by siblings. One of his sisters, Elizabeth Roberts, filed suit
on February 15, 2002, against appellees Sisters of Charity of the Incarnate Word, Christus
Health Southeast Texas d/b/a Christus St. Elizabeth Hospital and Paul D. Wesolow, M.D. 
The suit asserted medical negligence claims based on Lazard's treatment at the hospital
from December 7 through his death on December 27. (2) Roberts filed her original petition
"individually and on behalf of Vincent Lazard, deceased." The petition described the
plaintiff simply as an individual residing in Beaumont, Jefferson County. The petition
alleged facts concerning Lazard's presentation to the emergency room of St. Elizabeth
Hospital with complaints of shortness of breath and coughing, his admission to the hospital
and his course of treatment in a "cardiac monitored unit" and the hospital's ICU. It alleged
Lazard became suicidal and was restrained, that despite his refusal to eat or drink no fluids
were administered, that no lab work was performed for a period of nineteen days, that
indications of an excessive potassium level were ignored, that renal failure resulted and
that his death was caused by aspiration during tube feeding. The petition alleged the
defendants' care of Lazard fell below the standard of care, that his death was caused by
the defendants' negligence and gross negligence in several listed respects, and that
Roberts, individually and on behalf of Lazard, suffered damages particularly described to
include mental anguish, and medical and funeral expenses. 

 On May 2, 2002, Roberts filed a first amended petition alleging claims only "on
behalf of the Estate of Vincent Lazard, Deceased." After receiving responses to discovery,
in September 2002 appellees filed amended answers challenging Roberts' standing and
her capacity to act on behalf of her brother's estate, and filed a traditional motion for
summary judgment. Roberts then filed a second amended petition on October 15, 2002,
adding Covington as a plaintiff and alleging her to be the administrator of Lazard's estate. 
The factual allegations were essentially unchanged from the original petition. Appellees
followed with an amended motion for summary judgment, asserting as grounds that
Roberts' survival cause of action should be dismissed because she had no standing or
capacity to sue on behalf of the estate, and that Covington's survival action was barred by
limitations. The summary judgment evidence included the order granting Covington letters
of independent administration of her father's estate and Roberts' interrogatory responses
identifying Lazard's surviving family members. The trial court sent counsel a letter in which
the court stated its conclusion that Roberts' suit "would be considered a nullity" because
she had no capacity to bring the cause of action she asserted. (3) The court later signed a
final judgment dismissing Roberts' and Covington's claims with prejudice, not stating in the
judgment the grounds for the dismissal. Both have appealed from that judgment.

 Roberts and Covington present two issues on appeal, contending the trial court
erred first, "in dismissing the case on the basis that Elizabeth Roberts' pleading was a
nullity, because the pleading, which sought damages on behalf of the estate for the
decedent's injuries was sufficient on its face to invoke the court's jurisdiction and was
sufficient to put defendants on notice of the survival claim that was being made"; and
second, "in refusing to allow the amended pleading naming the administrator of the estate
to relate back to the prior pleading because the claim in the amended pleading was not
based on a wholly new, distinct cause of action."

Applicable Law

 Summary judgment for a defendant is proper if, as a matter of law, the plaintiff
cannot prevail on the claims. Butcher v. Scott, 906 S.W.2d 14, 15 (Tex. 1995); see Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

 Appellants' health care liability claims based on medical negligence are subject to
the two-year limitations period set by former Article 4590i, Section 10.01, (4) which reads, in
part: "Notwithstanding any other law, no health care liability claim may be commenced
unless the action is filed within two years from the occurrence . . . ." See Bala v. Maxwell,
909 S.W.2d 889, 892-93 (Tex. 1995). 

 Any recovery obtained in a survival action flows to those who would have received
it had the decedent obtained it immediately prior to death--his heirs, legal representatives
and estate. Russell v. Ingersoll-Rand Co., 841 S.W.2d 343, 345 (Tex. 1992); Tex. Civ.
Prac. & Rem. Code Ann. § 71.021(b) (Vernon 1997). A personal representative of a
decedent's estate generally is the only person entitled to bring suit for the recovery of
estate property, although under some circumstances an heir may be allowed to do so. 
Shepherd v. Ledford, 962 S.W.2d 28 (Tex. 1998); Frazier v. Wynn, 472 S.W.2d 750 (Tex.
1971). That principle applies to the recovery of damages in a survival action. Shepherd,
962 S.W.2d at 31. 

 The relation-back statute, Civil Practice and Remedies Code Section 16.068,
provides: "If a filed pleading relates to a cause of action, cross action, counterclaim, or
defense that is not subject to a plea of limitation when the pleading is filed, a subsequent
amendment or supplement to the pleading that changes the facts or grounds of liability or
defense is not subject to a plea of limitation unless the amendment or supplement is wholly
based on a new, distinct, or different transaction or occurrence." Tex. Civ. Prac. & Rem.
Code Ann. §16.068 (Vernon 1997). 

Austin Nursing Center, Inc. v. Lovato and Lorentz v. Dunn

 After this case was briefed and argued, the supreme court granted petitions for
review in Austin Nursing Center, Inc. v. Lovato, and Lorentz v. Dunn. The court issued
opinions in those cases on May 13, 2005. Austin Nursing Center, Inc. v. Lovato, 2005 Tex.
LEXIS 386, 2005 WL 1124764, 48 Tex. Sup. Ct. J. 624 (May. 13, 2005); Lorentz v. Dunn,
2005 Tex. LEXIS 387, 2005 WL 1124768, 48 Tex. Sup. Ct. J. 630 (May 13, 2005). The
parties have submitted letter briefs to us concerning the effect of the supreme court's
opinions in Lovato and Lorentz on their positions here. We evaluate appellants' issues in
light of those opinions.

 The supreme court held in Lovato that the question of a plaintiff's authority to bring
an action under the survival statute is to be treated as one of capacity rather than standing.
2005 WL 1124764 at 2. The court noted that "[t]he parties to a survival action seek
adjudication of the decedent's own claims . . . ," id. at 4, and that the decedent's survival
claim becomes part of the estate at death. It held the requirements of the standing doctrine
are satisfied by "the estate's" justiciable interest in the action seeking redress for the
injuries suffered by the decedent before his death. Id. Since a challenge to the right of a
plaintiff to assert a survival action addresses capacity rather than standing, it does not
implicate the court's subject matter jurisdiction. As in other cases, the issue of a party's
capacity is raised by verified pleading. Id. at 3; Tex. R. Civ. P. 93. 

 In Lovato, the plaintiff's original petition asserting a health care liability claim on
behalf of her mother's estate, filed within the limitations period, contained allegations that
the plaintiff was the personal representative of the estate but alleged also that no estate
administrator had been appointed. (5) The plaintiff filed an application for independent
administration of her mother's estate two months after filing the survival action, and was
appointed administrator after limitations ran. Similarly, in Lorentz, the plaintiff's original
pleadings alleged she was administrator of her sister's estate, although her application was
still pending and she was not appointed administrator until limitations on the survival action
expired. Lorentz, at 1. In both cases, the supreme court determined that the plaintiffs' lack
of capacity was cured by their appointment as administrator after limitations ran but before
the survival actions were dismissed.

 Citing cases demonstrating that courts have long permitted post-limitations amended
pleadings alleging a representative capacity for the first time to relate back to pleadings
filed during limitations, the court found in Lovato that an original pleading containing the
allegation of the correct capacity "should suffice for limitations purposes, provided that
capacity, if challenged, is established within a reasonable time." Lovato, at 6. Under the
circumstances presented in Lovato, the court found little significance in the post-limitations
pleadings Lovato filed, in which she alleged her appointment as independent administrator
of the estate. Because her pleadings had always alleged she was personal representative,
the issue, the court said, is not whether her amended pleadings relate back to her original
petition but whether her "post-limitations capacity cures her pre-limitations lack thereof." 
Id. at 5.

Analysis

 There are factual differences between this case and Lovato. It is undisputed that
Roberts is neither personal representative of Lazard's estate nor one of his heirs. (6) Roberts
never pled she was the personal representative of Lazard's estate. As noted, her original
petition simply identified her as an individual residing in Jefferson County and stated that
she sued individually and on behalf of her deceased brother. No contention is made that
she ever has had capacity to bring a survival action, before or after the expiration of
limitations. Covington was appointed independent administrator of Lazard's estate some
eighteen months before Roberts filed her survival action. Unlike Lovato, then, this case
does not present an issue whether the original plaintiff's post-limitations capacity cured her
pre-limitations lack of capacity. Here, the viability of the survival action depends on the
efficacy of the post-limitations amended pleading naming Covington as a plaintiff. 

 Significantly, the supreme court in Lovato expressly affirmed the holdings of
Shepherd that an estate's personal representative generally is the only person authorized
to bring a survival action, but heirs may bring the action directly under some circumstances.
Lovato, at 5. Covington's appointment as independent administrator required the probate
court to find that there existed a necessity for an administration of her father's estate. See
Tex. Prob. Code Ann. § 88(d) (Vernon 2003). Absent other circumstances, that finding and
her appointment established Covington as the only person entitled to bring a survival claim. 
Lovato, at 9-10; Shepherd, 962 S.W.2d at 31; see Pratho v. Zapata, 157 S.W.3d 832, 839
(Tex.App.-Fort Worth 2005, no pet.). The summary judgment record provides no
explanation for Roberts' original pursuit of the survival claim in lieu of Covington, or for
Covington's tardy activity in the suit.

 Although we acknowledge that Roberts' original petition may have served the
purpose of timely notifying the defendants that a survival claim was being asserted on
behalf of Lazard's estate, for several reasons we conclude that under these circumstances
the amended pleading adding Covington to the suit did not relate back to Roberts' original
pleading. First, as noted, Roberts is a stranger (7) to the survival action. Permitting a suit
brought by her to toll limitations until Covington took action as administrator runs counter
to the requirement of Shepherd that such suits be brought by the personal representative
when administration is necessary. (8)
 Second, the court's discussion of relation-back in
Lovato does not mandate its application here. The court there discussed cases in which
courts found amended pleadings alleging the plaintiff's representative capacity to relate
back to the filing of the plaintiff's original pleading. See, e.g., Davis v. Preston, 118 Tex.
303, 16 S.W.2d 117 (1929); Pope v. Kansas City, M. & O. Ry. Co. of Tex., 109 Tex. 311,
207 S.W. 514 (1918). Those cases involve changes in the allegations of the capacity of
the original plaintiff, not the addition of a new plaintiff. See also Flores v. Cameron County,
92 F.3d 258, 271-72 (5th Cir. 1996); City of Houston v. Glover, 355 S.W.2d 757, 760
(Tex.Civ. App.-Waco 1962, writ ref'd n.r.e.). We note also that section 16.068 does not
directly address the filing of a subsequent pleading that adds a new plaintiff. Ordinarily, an
amended pleading adding a new party does not relate back to the original pleading. 
Alexander v. Turtur & Associates, Inc., 146 S.W.3d 113, 121 (Tex. 2004). 

 This case is not like those allowing the relation-back of a pleading that substitutes
a real party in interest for one acting in a representative capacity. See, e.g., Madore v.
Dairyland County Mut. Ins. Co., 696 S.W.2d 274, 276 (Tex.App.-Fort Worth 1985, no writ). 
See generally, 2 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice §
10.19 (2d ed. 2003). Even assuming the existence here of circumstances that would have
permitted an heir of Lazard to pursue the survival action while an administrator is serving, (9)
there is no evidence Roberts was acting as a representative for any of Lazard's children
who were his heirs. Nor does this case involve anything analogous to a misnomer, a
common occasion for relation-back. See Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex.
1990); Womack Machine Supply Co. v. Fannin Bank, 499 S.W.2d 917, 920 (Tex.Civ.
App.-Houston [14th Dist.] 1973), rev'd on other grounds, 504 S.W.2d 827 (Tex. 1974). We
decline to extend the relation-back statute to the amended pleading naming Covington as
a plaintiff.

 Our opinion in Goode does not require a contrary result. There, Marion Goode
brought a health care liability claim as a survival action and as a wrongful death action (10)
following the death of her husband. Later, after limitations ran, amended pleadings added
Orlin Goode, the independent executor of his estate, as a plaintiff. Evidence showed the
decedent left a will that did not give any property to his wife or name her as executrix. The
defendants contended summary judgment in their favor on the survival action should be
affirmed because Marion Goode was neither an heir nor personal representative of the
estate, and the suit was not properly asserted on behalf of the estate until the independent
executor was joined, after limitations expired. This court held that the defendants had
waived the right to challenge Marion Goode's capacity to bring suit on behalf of the estate
by failing to comply with Rule of Civil Procedure 93. Citing section 16.068, we further
noted, though, "Inasmuch as it was clear from the original petition that a survival claim was
being made on behalf of the estate, and because the later amendment merely named the
Estate representative without asserting a new and distinct cause of action, the later
amendment related back to the original filing and was not subject to a limitation plea." 863
S.W.2d at 550.

 Goode was decided several years before the supreme court held in Shepherd, "The
Survival Statute provides that only a personal representative, administrator, or heir may sue
on behalf of an estate." 962 S.W.2d at 31. Our discussion of Marion Goode's capacity to
bring the survival action on behalf of her husband's estate was predicated on our
conclusion, clearly superseded by Shepherd and Lovato, that the survival statute "does not
specify by whom a cause of action for recovery of that survival claim must be brought." 
Goode, 863 S.W.2d at 550. Further, Marion Goode was the surviving spouse of the
decedent, and properly asserted a wrongful death claim on her own behalf in the same suit.
Id. at 548. Even if her original petition under those circumstances would suffice for
limitations purposes under Lovato, a question we need not decide, we think Roberts'
original petition clearly did not. 

Conclusion

 The trial court properly dismissed Roberts' claims because she lacked capacity to
pursue an action under the survival statute, and properly dismissed Covington's claims as
barred by limitations. Appellants' issues are overruled, and the trial court's judgment is
affirmed.




 James T. Campbell

 Justice 







1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b).

2. Roberts previously had given the defendants written notice pursuant to section 4.01
of former Tex. Rev. Civ. Stat. art. 4590i. 
3. The court's letter cited McAdams v. Capitol Products Corp., 810 S.W.2d 290
(Tex.App.-Fort Worth 1991, writ denied), and distinguished this court's opinion in Goode
v. Shoukfeh, 863 S.W.2d 547 (Tex.App.-Amarillo 1993, no writ).
4. Tex. Rev. Civ. Stat. art. 4590i, §10.01, repealed by Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. The limitation was carried forward
in Tex. Civ. Prac. & Rem. Code Ann. § 74.251 (Vernon 2005).
5. The court's opinion also notes that Lovato's status as an heir of her mother was
a matter of dispute. 
6. See Tex. Prob. Code Ann. § 3(aa) (Vernon 2003) (defining "personal
representative"); § 3(o) (defining "heirs"); § 38 (providing the estate of an intestate
decedent leaving no surviving spouse passes to children and their descendants). 
7. A phrase used in Annotation, Change in Party after Statute of Limitations has Run,
8 A.L.R.2d 6 (1949), containing the statement, "According to the little authority there is, it
appears to be well settled that an amendment adding a party plaintiff after the statute of
limitations has run does not relate back to the filing of the original petition if the original
plaintiff himself did not have a cause of action." The section of the annotation containing
that statement cites no Texas cases. Id. at 36.
8. See Tex. Prob. Code Ann. § 233 (Vernon 2003) (stating representative's duty to use
ordinary diligence to collect claims and debts due the estate). 


9. See Shepherd, 962 S.W.2d at 33; Pratho, 157 S.W.3d at 847-48.
10. See Tex. Civ. Prac. & Rem. Code Ann. § 71.001, et seq. (Vernon 1997).