COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-111-CV

 

 

L. M. MITCHELL                                                                  APPELLANT

 

                                                   V.

 

VIDA DAVENPORT                                                                 APPELLEE

 

                                              ------------

 

           FROM
THE 236TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

 

                                              ------------

 








In this case, appellant L. M.
Mitchell contends that the trial court erroneously found for appellee Vida
Davenport in appellee=s suit to
enforce a contract for deed to property she had paid on for several years.  Appellant had attempted to evict appellee
when she missed some monthly payments. 
In response, appellee sued appellant to acquire title and sought an
accounting under section 5.077 of the Texas Property Code.  Tex.
Prop. Code Ann. ' 5.077
(Vernon Supp. 2005).  

Appellant claims that
appellee lacks standing to pursue the matter because the contract was with
appellee=s company rather than appellee, and appellee is therefore not a proper
party to the underlying case or this appeal. 
Appellant also contends that the trial court erroneously applied
subchapter D of the Texas Property Code, which applies to purchases of
residential real property under executory contracts for deeds.  See Tex.
Prop. Code Ann. ' 5.061-.080
(Vernon 2004 & Supp. 2005).  Lastly,
appellant contends that the evidence is factually insufficient to support the
trial court=s judgment
in appellee=s favor.  We affirm.








In appellant=s first issue,
challenging appellee=s standing, we apply a de novo standard of
review because standing is a question of law. 
See City of Fort Worth v. Tuckness, 165 S.W.3d 425, 427 (Tex.
App.CFort Worth 2005,
no pet.); City of Arlington v. Scalf, 117 S.W.3d 345, 347 (Tex. App.CFort Worth 2003,
pet. denied).  We must determine whether
a real controversy exists between the parties. 
Tuckness, 165 S.W.3d at 427. 
While a party must have both standing and capacity to bring a lawsuit,
standing is a jurisdictional matter that may be raised at any time.  See Austin Nursing Ctr., Inc. v. Lovato, 171
S.W.3d 845, 848 (Tex. 2005).  AWithout standing,
a court lacks subject matter jurisdiction to hear the case.@  Id. at 849.  A party must have a Asufficient
relationship with the lawsuit so as to have a >justiciable
interest= in its outcome@ in order to have
standing.  Id. at 848.  

Capacity to sue, on the other hand relates more to the Apersonal
qualifications of a party to litigate@ a particular
matter.  Id.  A[A] party
has capacity when it has the legal authority to act, regardless of
whether it has a justiciable interest in the controversy.@  Id. at 848-49.  Thus, capacity must be challenged by verified
denial or a plea in abatement or it is waived. 
Tex. R. Civ. P. 93(1)-(2);
see also Lorentz v. Dunn, 171 S.W.3d 854, 856 (Tex. 2005). 

Appellant first raised the issues of standing and capacity
with the court on the day of trial . 
Appellant filed a plea in abatement, a motion to dismiss, and a request
for leave to file an amended pleading, all of which challenged appellee=s capacity.  Because all of these requests were filed too
late, the trial court denied them.  See Tex.
R. Civ. P. 93(13), 94.  On appeal
appellant challenges only the trial court=s failure to
dismiss the suit due to a lack of standing. 
Thus, only if appellee truly lacks standing can appellant prevail on
this issue on appeal.  We conclude that
she cannot.  








The parties entered into a AContract For Deed@ on February 17, 1997,
in which appellant agreed to sell certain property to AVida F. Davenport,
executive director, Restoring Hope Center, Inc.@  The signature line, however, shows both the
signature and social security number of Vida F. Davenport and the name and
presumably the tax identification number of Restoring Hope Center, Inc.

Throughout appellant=s argument she
repeatedly asserts that appellee intended the contract to name the corporate
entity as the purchaser and that appellee=s nonprofit
corporation, Restoring Hope Center, Inc., which was identified on the
contract,  was the actual purchaser.  Thus, we conclude that the issue of whether
appellee signed the contract in her individual capacity or in her capacity as
executive director of Restoring Hope Center, Inc. is an issue of capacity, not
standing, which can be and was waived at trial. 
See Lovato, 171 S.W.3d at 849.

Regardless, as to standing, the trial court determined and
we cannot disagree that the signature page, which names both appellee and the
Restoring Hope Center, Inc. as purchasers, shows that both were parties to the
contract. Thus, either or both would have a justiciable interest in the
property, or standing.  See Id. at
848.

We therefore conclude and hold that the trial court
correctly held that appellee was at the very least a party to the contract and
thus had standing to pursue the cause of action.  We overrule appellant=s first issue.








In appellant=s second issue,
she claims that the trial court erroneously applied relatively new provisions
of the Texas Property Code that govern executory contracts for deeds involving
personal residences.  See Tex. Prop. Code Ann. '' 5.062-.151.

The trial court did not file findings of fact or
conclusions of law, but stated on the record that appellant breached the
contract.  Neither the trial court=s oral
pronouncement on the record nor the judgment state that the judgment was based
upon the provisions in the property code relative to executory real estate
contracts. 

When implied findings of fact are supported by the
evidence, it is our duty to uphold the judgment on any theory of law applicable
to the case.  Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990); Point Lookout W., Inc. v. Whorton, 742
S.W.2d 277, 278 (Tex. 1987).  We must
uphold the judgment regardless of whether the trial court articulates the
correct legal reason for the judgment.  See
Harrington v. R.R. Comm'n, 375 S.W.2d 892, 895-96 (Tex. 1964); Conseco
Fin. Servicing Corp. v. J & J Mobile Homes, Inc., 120 S.W.3d 878,
880-81 (Tex. App.CFort Worth 2003, pet. denied). 








While it is true that appellee employed and asserted claims
under the residential executory contract provisions of the property code in her
presuit demands and in her pleadings, it is also quite clear that she asserted
additional claims for declaratory relief and for breaches of the parties= contract.  Nowhere in the trial court=s judgment does it
state that any portion thereof is based upon a recovery under the property code=s provisions
related to executory contracts for residential real property.  The judgment declares appellee to be the full
owner with fee simple ownership of the disputed property, divests appellant of
any claim to such real property, and awards damages to appellee represented by
the remaining funds held in the registry of the court after payment of
specified attorney=s fees to appellee.  Thus, while appellant may contend that the
trial court erroneously awarded judgment to appellee on the basis of the
property code provisions related to executory contracts, we cannot say that the
judgment was based solely on such a claim. 
Both the pleadings and the judgment support findings by the trial court
under the declaratory judgment act and for breach of contract, all claims pled
by appellee.  Because these are other
viable causes of action asserted and tried to the court that could support the
judgment, we overrule appellant=s second issue.

In appellant=s third issue, she
challenges the factual sufficiency of the evidence to support the verdict.  In general, appellant contends that she did
not receive some of the payments that appellee asserts she made.








In a trial to the court in
which no findings of fact or conclusions of law are filed, the trial court=s judgment implies all findings of fact necessary to support it.  Pharo v. Chambers County, 922 S.W.2d
945, 948 (Tex. 1996).  When a reporter=s record is filed, however, these implied findings are not conclusive,
and an appellant may challenge them by raising both legal and factual
sufficiency of the evidence  issues.  BMC Software Belg., N.V. v. Marchand,
83 S.W.3d 789, 795 (Tex. 2002).  When
such issues are raised, the applicable standard of review is the same as that
to be applied in the review of jury findings or a trial court's findings of
fact.  Roberson v. Robinson, 768
S.W.2d 280, 281 (Tex. 1989).  An
assertion that the evidence is factually insufficient to support a fact finding
means that the evidence supporting the finding is so weak or the evidence to
the contrary is so overwhelming that the answer should be set aside and a new
trial ordered.  Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406-07 (Tex.), cert. denied, 525 U.S. 1017 (1998).








A review of all of the evidence shows that testimony on the
issue of payments conflicted and that the parties introduced incomplete
records.  However, there is some
evidence, albeit appellee=s testimony, that appellee made all the
required payments.  The trial court, as
the sole trier of fact, was entitled to believe appellee=s testimony.  See Munters Corp. v. Swissco-Young Indus.,
Inc., 100 S.W.3d 292, 299 (Tex. App.CHouston [1st
Dist.] 2002, pet. dism=d). 
We cannot say that the evidence supporting the judgment that all
payments were made is so weak or that the evidence controverting the judgment
is so overwhelming that the judgment should be set aside.  Appellant=s third issue is
overruled.

Having
overruled appellant=s issues on appeal, we affirm the
judgment of the trial court.               

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED:
March 9, 2006











[1]See Tex. R. App. P. 47.4.