Opinion filed April 20, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 20, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00209-CV 

                                                    __________

 

                                        MATTIE ARMES, Appellant

 

                                                             V.

 

                               JESS
AND PEGGY THOMPSON D/B/A

                           J&P
THOMPSON ENTERPRISES, Appellees

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CV44757

 



 

                                                                   O
P I N I O N

 

This is a survival action alleging a premises
liability claim.  The trial court
dismissed the case for want of jurisdiction finding that the plaintiff lacked
standing.  We affirm. 

                                                               Background
Facts








On August 30, 2002, Mattie Armes tripped and fell
over a concrete parking stop outside the Bingo Barn, a business owned by Jess
and Peggy Thompson d/b/a J&P Enterprises (appellees).  She died almost two years later on July 18,
2004, from an unrelated illness.  On
August 27, 2004, a lawsuit was filed in Armes=s
name against the appellees.  The petition
did not indicate that Armes was deceased. 
Discovery for Armes=s
past and future medical expenses, physical pain and mental suffering,
mental anguish, physical impairment, and loss of household services was prayed
for, and punitive damages were sought.

Armes=s
daughter, Cindy Luna, was appointed temporary administratrix for her mother=s estate on October 26, 2004.  Appellant=s
counsel filed a suggestion of death on November 10, 2004, on behalf of Luna and
requested that she be named as the plaintiff and that the suit proceed in her
name.  The appellees subsequently filed a
motion to dismiss for want of jurisdiction contending that the original
petition purportedly filed by Armes did not invoke the trial court=s jurisdiction because it was not filed
by Armes=s heirs
or her estate=s
personal representative.  The trial court
granted that motion and dismissed Armes=s
litigation.

                                                                         Issues

            Appellant contends that the trial court erred when it held
that the decedent did not have standing to assert the claims made in the
original petition.  We review an order on
a motion to dismiss de novo.  See
Anderson v. City of San Antonio, 120 S.W.3d 5, 7 (Tex. App.CSan Antonio 2003, pet. denied).

                                                          Standing
versus Capacity

Appellant argues that the trial court confused
standing with capacity and that it had jurisdiction because the decedent had
standing but not capacity.  A party has standing
when it is personally aggrieved, regardless of whether it is acting with legal
authority; a party has capacity when it has the legal authority to act,
regardless of whether it has a justiciable interest in the controversy.  Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996).

Standing is jurisdictional and may be raised for
the first time on appeal.  Tex. Ass=n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443-45 (Tex. 1993). 
Capacity, however, is a procedural defense and must be raised by a
verified pleading in the trial court.  See
Tex. R. Civ. P. 93(1); Sixth
RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 56 (Tex. 2003)(an opposing
party=s lack of
capacity can be waived by the failure to properly raise the issue in the trial
court).  








Common examples of parties with standing, but not
capacity, are minors and decedent=s
estates.  Minors may not sue or be sued
but must appear in court through a legal guardian, a next friend, or guardian
ad litem.  See Sax v. Votteler,
648 S.W.2d 661, 666-67 (Tex. 1983)(minors have no right to bring an action on
their own behalf unless their disability has been removed).  Similarly, a decedent=s
estate is not a legal entity and may not properly sue or be sued as such.  Price v. Estate of Anderson, 522
S.W.2d 690, 691 (Tex. 1975).  In general,
only the estate=s representative
has the capacity to act on behalf of the estate.  Frazier v. Wynn, 472 S.W.2d 750, 752
(Tex. 1971).[1]

                                                   Standing
to File A Survival Claim

At common law, a person=s
personal injury claims did not survive their death.  Rose v. Doctors Hosp., 801 S.W.2d 841,
845 (Tex. 1990).  The Texas Legislature
abrogated this rule with a survival statute that authorizes heirs, legal
representatives, or the estate to bring an action on behalf of the decedent.  Tex.
Civ. Prac. & Rem. Code Ann. '
71.021(b) (Vernon 1997).  The statute
does not create a new cause of action.  Kramer
v. Lewisville Mem=l
Hosp., 858 S.W.2d 397, 404 (Tex. 1993). 
It is merely a mechanism to prevent a decedent=s
common law action from being abated because of their death.  Russell v. Ingersoll-Rand Co., 841
S.W.2d 343, 345 (Tex. 1992).

Appellant concedes that Armes did not have
capacity to file suit and that the estate needed a representative to act on its
behalf.  But appellant contends that this
was cured by the suggestion of death that Luna, as temporary administratrix of
the estate, filed.  The appellees argue
that the survival statute vests the estate with standing and that a deceased
person has no justiciable interest.

The Texas Supreme Court recently addressed
questions of standing and capacity in survival actions in Austin Nursing
Ctr., Inc. v. Lovato, 171 S.W.3d 845 (Tex. 2005), and Lorentz v. Dunn,
171 S.W.3d 854 (Tex. 2005).  In Lovato,
Pauline Wilson Lovato filed a survival action on behalf of her mother and
asserted that she was the personal representative of her mother=s estate.  Her petition was filed within the statute of
limitations, but she was not actually appointed independent executor until
after the expiration of the statute of limitations.  In Lorentz, Cynthia Lorentz filed a
survival action on behalf of her sister. 
Lorentz asserted that she was administrator of her sister=s estate.  Her petition to be appointed administrator
was, however, still pending in the county court; and she was not appointed
administrator until after the expiration of limitations.








In both cases, the supreme court found that the
plaintiff had standing and, therefore, that the trial courts had
jurisdiction.  Lovato, 171 S.W.3d
at 853; Lorentz, 171 S.W.3d at 856. 
The issue was whether Lovato and Lorentz had capacity.  Neither had capacity at the time they filed
suit because neither had been authorized to act on behalf of the estate.  In each instance, however, they acquired that
authority within a reasonable time, and the court held that this authority
related back to the original petitions.  Lovato,
171 S.W.3d at 853; Lorentz, 171 S.W.3d at 856.

Both parties argue that the supreme court=s decisions compel a finding in their
favor.  There are, however, critical
factual distinctions between Lovato and Lorentz and the facts of
this case.  In Lovato and Lorentz,
the original petitions clearly indicated that the injured person had died and
that the case was being prosecuted by a representative of the estate.  Here, the original petition was presumably
filed by Armes.[2]  There was no indication in the petition that
Armes had died.  In fact, by seeking
future damages, the petition left the definite impression that Armes was very
much alive and still suffering an ongoing injury because of her accident.

Under the Probate Code, when an individual passes
away an estate is created.    The estate
is distinct from the individual.  Nguyen
v. Morales, 962 S.W.2d 93, 95 (Tex. App.CHouston
[1st Dist.] 1997, no pet.).  The estate
includes all of the real and personal property, such as any actual or potential
cause of action, owned by the decedent.  Tex. Prob. Code Ann. ' 3(l), (z) (Vernon 2003).  However, title to the property vests
immediately in the decedent=s
heirs or devisees.  Tex. Prob. Code Ann. ' 37 (Vernon 2003); see Welder v.
Hitchcock, 617 S.W.2d 294, 297 (Tex. Civ. App.CCorpus
Christi 1981, writ ref=d
n.r.e.)(there is no shorter interval of time than between the death of a
decedent and the vesting of his estate in his heirs).  While title vests in the heirs or devisees,
this is subject to the decedent=s
debts; and the personal representative retains legal title, possession, and
control for the purpose of administering the estate.  Stanley
M. Johanson, Johanson=s Texas Probate Code Ann. ' 37 (2005 ed.)(commentary on Section
37).








A plaintiff must have both standing and capacity
to bring a lawsuit.  Coastal Liquids
Transp.  v. Harris County Appraisal
Dist., 46 S.W.3d 880, 884 (Tex. 2001). 
When Armes passed away, she no longer represented a legal entity for
purposes of filing suit and, therefore, did not have standing to assert a
claim.  Stinson v. King, 83 S.W.2d
398, 399 (Tex. Civ. App.CDallas
1935, writ dism=d) (Asuits can be maintained by and against
only parties having an actual or legal existence@).  Any claim she owned before her death passed
to her heirs or devisees, subject to her estate=s
administration.  Because Armes
individually had no standing and because the suit was purportedly filed on her
behalf individually, the original petition did not invoke the trial court=s jurisdiction.[3]

                                           Does
The Suggestion Of Death Relate Back?

Appellant argues that any pleading deficiency was
merely procedural and was cured with the suggestion of death.  In effect, appellant asks us to treat the
original petition filed in Armes=s
name individually as if it was filed on behalf of Armes=s
estate.  The relation-back doctrine
allows an amendment or supplement to pleadings without being subject to a plea
of limitation, as long as the amendments are not based on new, distinct, or
different transactions.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.068 (Vernon 1997).








The relation-back doctrine has been applied to
cure capacity issues,[4]
but it cannot retroactively create personal jurisdiction.  The supreme court allowed the alleged
personal representatives in Lovato and Lorentz to obtain the
probate court=s
authority to represent the estates after they had filed litigation on behalf of
the estates.  That does not mean,
however, that subsequent pleadings can give the trial court jurisdiction over
new parties retroactive to the original filing of the suit.  See Covington v. Sisters of
Charity of the Incarnate Word, 179 S.W.3d 583, 587-88 (Tex. App.CAmarillo 2005, pet. denied).  In Covington, the decedent=s sister filed a medical malpractice
action individually and on behalf of the estate.  The defendants challenged her standing and
capacity, and she filed an amended petition adding the decedent=s administrator as a plaintiff.  Id. at 584-85.  The trial court dismissed the suit; and the
court of appeals affirmed, finding that the amended pleading did not relate
back to the original petition.  Id.
at 587-88.  The court distinguished Lovato
and Lorentz by noting that they involved changes in the allegations of
the capacity of the original plaintiff, not the addition of a new
plaintiff.  Id at 588; see also
Stewart v. Hardie, 978 S.W.2d 203, 207 (Tex. App.CFort
Worth 1998, pet. denied)(husband, who sued as community survivor of deceased
spouse=s estate,
was not proper party to bring survival action and, therefore, dismissal of
survival claim was appropriate).

We believe a similar situation exists here.  Because Armes passed away before this suit
was filed, she did not have standing to assert a claim; and the original
petition filed in her name individually did not invoke the trial court=s jurisdiction.  Appellant=s
reliance on Tex. R. Civ. P. 151 and
the suggestion of death is questionable because the rule=s
language suggests that it applies when the plaintiff dies after suit is
filed rather than before.  Even if it is
applicable and even if we construe the suggestion of death as a motion to
substitute parties, Luna=s
suggestion of death did not relate back to the original petition because that
pleading was a nullity.

                                                         Conclusion

The trial court correctly determined that it did
not have jurisdiction.  Armes
individually did not have standing to assert a claim; and, consequently, any
subsequent pleading would not relate back. 
Appellant=s issue
is overruled.  The judgment of the trial
court is affirmed.

 

RICK STRANGE

JUSTICE

 

April 20, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











     [1]There
are exceptions to this requirement, such as when no administration is pending
and none is necessary.  See Shepherd
v. Ledford, 962 S.W.2d 28, 31-32 (Tex. 1998).  Appellant does not rely upon any exception to
the general rule.





     [2]The
suit was filed approximately five weeks after Armes passed away.  The record established that the suit was
actually filed at Luna=s request.





     [3]Armes=s estate, in contrast, had standing, Lovato, 171
S.W.3d at 850, but not capacity. Henson v. Estate of Crow, 734 S.W.2d
648, 649 (Tex. 1987)(the estate is not a legal entity and cannot sue as
such).  The Probate Code allows executors
and administrators to prosecute suits such as a survival claim to recover
estate property for the benefit of the heirs and devisees.  Tex.
Prob. Code Ann. ' 233A (Vernon 2003). 
This gives the representative the capacity to assert a survival claim on
behalf of the estate.  Lorentz,
171 S.W.3d at 856.  To bring a survival
action, then, a party must plead the elements of the decedent=s cause of action and his authority to prosecute
the suit on the estate=s behalf.  Coffey
v. Johnson, 142 S.W.3d 414, 417 (Tex. App.CEastland
2004, no pet.).





     [4]See,
e.g., Lovato, 171 S.W.3d at 845; Lorentz, 171 S.W.3d at 854; Price
v. Estate of Anderson, 522 S.W.2d 690 (Tex. 1975) (defendant was dead at
the time suit was filed, but limitations were tolled because the petition named
the estate as the defendant and the estate=s
representative was served); Davis v. Preston, 16 S.W.2d 117 (Tex.
1929)(widow=s petition filed individually to recover damages
resulting from her husband=s death properly commenced suit as regards to
limitations C even though she did not become the estate=s administratrix until after limitations C because she was always the real party in interest).