

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00449-CV

———————————————

CORNELIUS HUDSON, Appellant

V.

IRVING HOLDINGS, INC., SALAH MOUSE, YELLOW CAB, TRINITY METRO, FORT WORTH TRANSPORTATION AUTHORITY, AND ACCESS F/K/A MITS, Appellees

---

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-348989-23

---

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

# I. INTRODUCTION

Appellant Cornelius Hudson filed a survival-claim lawsuit on behalf of his mother's estate against Appellees Irving Holdings, Inc.; Salah Mouse; Yellow Cab; Trinity Metro; Fort Worth Transportation Authority; and ACCESS f/k/a/ MITS. Irving Holdings filed a plea to the jurisdiction, challenging Hudson's standing and capacity to sue on behalf of his mother's estate. The trial court granted the plea to the jurisdiction as to all defendants. The order further provided that "[s]ince the statute of limitations expired on 12/23/23," the lawsuit was dismissed with prejudice.

In five appellate issues, Hudson, proceeding pro se, contends that the trial court erred by (1) granting the plea to the jurisdiction because he had standing and capacity to sue on behalf of his mother's estate, (2) dismissing claims against the defendants who never filed or joined the plea, (3) failing to rule on his motion for summary judgment,[1] (4) misapplying the statute of limitations, and (5) denying him a fair hearing due to judicial bias.

We will reverse and remand the case to the trial court.

---

[1]There is no motion for summary judgment in the record.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2021, Hudson's mother—Alfreda Johnson—was allegedly injured while being transported by Salah Mouse to an adult day services facility. On June 12, 2022, Johnson passed away.

On December 22, 2023, Hudson—styling himself as the heir and the executor of Johnson's estate—filed a pro se survival-claim lawsuit against Irving Holdings, Mouse, Yellow Cab, Trinity Metro, Fort Worth Transportation Authority, and ACCESS.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.021. The petition alleged that during Mouse's transportation of Johnson on December 23, 2021, he had "recklessly and negligently rolled Alfreda Johnson in her wheelchair without regard to safety practices into the Yellow Cab Handicap section and caused Alfreda Johnson to fall forward striking her knee and head into the interior floor of the vehicle causing injuries to her head and knee." The petition further alleged that the defendants' "acts and omissions, singularly or in combination with others constituted negligence, gross negligence, and negligence per se which proximately caused the incident, and which resulted in the injury of Alfreda Johnson." Irving Holdings, Mouse, and ACCESS filed an answer generally denying the allegations and asserting various defenses.[3]

---

[2]No administration of Johnson's estate was pending when Hudson filed the lawsuit.

[3]They later moved to dismiss the lawsuit under Texas Rules of Civil Procedure 165a and 215, alleging that Hudson had, among other things, failed to respond to written discovery requests, failed to produce any witness statements, refused to accept

On July 24, 2025, Irving Holdings filed a plea to the jurisdiction, seemingly contending that Hudson did not have standing or capacity to sue on behalf of Johnson's estate. Irving Holdings asserted that administration of Johnson's estate was necessary before the lawsuit could proceed because Hudson had not conclusively established his right to represent her estate.

Hudson responded to the plea to the jurisdiction, arguing that Johnson "left no will and had no surviving spouse or other children" and that he was the sole heir to her estate. Consequently, he maintained that administration of her estate was not necessary and that he was entitled to prosecute the lawsuit "on behalf of the estate without a formal probate administration."

On August 22, 2025, the trial court heard Irving Holdings's plea to the jurisdiction. Hudson again argued, "Since I am the only heir, no administration is needed, therefore I have standing to bring this suit." Irving Holdings asserted that Hudson had not produced any evidence that he had capacity to bring the lawsuit.

The trial court instructed Hudson to file a response explaining how he had capacity to represent Johnson's estate. Hudson filed a response that included a notarized affidavit and three exhibits. Hudson attested that he was the sole heir to Johnson's estate, that her estate had no debts requiring administration, that there was

certified mail, and failed to serve required disclosure responses. *See* Tex. R. Civ. P. 165a (providing for dismissal for want of prosecution), 215 (permitting sanctions for abuse of discovery). The trial court did not rule on their motion to dismiss.

no pending probate or administration of her estate, and that administration was not necessary. The exhibits included Hudson's birth certificate,[4] Johnson's death certificate, and Hudson's affidavit of heirship filed with the Tarrant County clerk's office.[5]

On August 27, 2025, the trial court granted Irving Holdings's plea to the jurisdiction and dismissed the lawsuit against all defendants with prejudice. Hudson then filed this appeal.

## III.  DISCUSSION

### A.  IRVING HOLDINGS'S PLEA TO THE JURISDICTION

In his first issue, Hudson argues that the trial court erred by granting Irving Holdings's plea to the jurisdiction and dismissing the lawsuit with prejudice. We agree.

A party must have both standing and capacity to bring a lawsuit. *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority, and a party has capacity when it has the legal authority to act,

---

[4]Hudson's birth certificate reflects that Johnson was his mother.

[5]The affidavit of heirship claimed that Hudson was Johnson's only child, that she was not married and had no other children or heirs, that she left no will, that the total value of her estate was less than $50,000, and that her estate had no unpaid debts.

regardless of whether it has a justiciable interest in the controversy. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).

It is unclear if Irving Holdings's plea to the jurisdiction was intended to challenge Hudson's standing to sue, capacity to sue, or both.[6] But irrespective of its intention, the plea to the jurisdiction was erroneously granted because (1) Hudson had standing to sue on behalf of Johnson's estate, and (2) Hudson's capacity to sue cannot be attacked through a plea to the jurisdiction.

### 1. Plea to the Jurisdiction

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action based on lack of subject matter jurisdiction without regard to the merits of the claim. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Big Rock Investors Ass'n v. Big Rock Petroleum, Inc.*, 409 S.W.3d 845, 848 (Tex. App.—Fort Worth 2013, pet. denied). Whether a court has subject matter jurisdiction is a matter of law and is reviewed de novo. *Hoff v. Nueces Cnty*, 153 S.W.3d 45, 48 (Tex. 2004) (per curiam).

---

[6]The lack of clarity stems from Irving Holdings's synonymous use of "standing" and "capacity" in its plea to the jurisdiction. But, as we discuss below, these terms are not interchangeable. At one point in the plea, Irving Holdings attacks Hudson's capacity to sue, arguing that "Hudson must conclusively establish his right to represent his Mother's Estate in this lawsuit." Later in the plea, Irving Holdings challenges Hudson's standing, contending that the trial court did not "have jurisdiction over this lawsuit because Hudson has not proved standing to prosecute this lawsuit."

The plaintiff bears the burden of alleging facts that affirmatively establish subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Big Rock Investors Ass'n*, 409 S.W.3d at 848. When, as in this case, a jurisdictional plea challenges the plaintiff's pleadings, the court determines whether the plaintiff has alleged facts that affirmatively demonstrate a court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "[O]ur notice-pleading rules . . . require pleadings to not only give notice of the claim and the relief sought but also of the essential factual allegations." *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 661–62 (Tex. 2023) (citations and internal quotation marks omitted). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226.

## 2. Hudson's Standing

Hudson argues that he had standing to bring a survival claim on behalf of Johnson's estate. We agree.

### a. Applicable Law

Standing is a component of subject matter jurisdiction. *Tex. Air Control Bd.*, 852 S.W.2d at 443–44. Without standing, a court lacks subject matter jurisdiction to hear the case. *Id.* at 443.

At common law, a person's personal injury claims did not survive her death. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 344 (Tex. 1992); *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845

7

(Tex. 1990). However, the Texas Legislature abrogated this rule with a survival statute that authorizes heirs, legal representatives, or the estate to bring an action on behalf of the decedent. Tex. Civ. Prac. & Rem. Code Ann. § 71.021. A survival claim belongs to the decedent because the actionable wrong is that which the decedent suffered before his or her death. *See Lovato*, 171 S.W.3d at 849; *Russel*, 841 S.W.2d at 345.

The parties to a survival action seek adjudication of the decedent's own claims for the alleged injuries inflicted upon the decedent by a defendant. *Lovato*, 171 S.W.3d at 850. Had the decedent lived, he or she would have had standing to seek redress in the courts for those injuries, but due to the decedent's death, a representative must pursue the claim on his or her behalf. *Id.* When a decedent has been personally aggrieved by a defendant's conduct, the survival action advances a "real controversy" between the estate and the defendant that "will be actually determined by the judicial declaration sought." *Id.* (quoting *Nootsie.*, 925 S.W.2d at 662). Consequently, in a survival action, the decedent's estate has a justiciable interest in the controversy sufficient to confer standing. *Lovato*, 171 S.W.3d at 850.

### b. Hudson had Standing

The Texas Supreme Court thoroughly addressed questions of standing in survival actions in *Lovato*, 171 S.W.3d at 847, and in *Lorentz v. Dunn*, 171 S.W.3d 854, 855 (Tex. 2005).

8

In *Lovato*, the appellant filed a survival action on behalf of her mother, alleging that she was an heir and the personal representative of her mother's estate. *Lovato*, 171 S.W.3d at 847. However, no administrator of the estate had yet been appointed. *Id.* The petition was filed within the statute of limitations, but she was not appointed as the independent administrator until after the expiration of the statute of limitations. *Id.* In *Lorentz*, the appellant filed a survival action on behalf of her sister and asserted that she was the administrator of her sister's estate. *Lorentz*, 171 S.W.3d at 855. However, her petition to be appointed administrator was still pending in the county court, and she was not appointed administrator until after the expiration of limitations. *Id.*

In both cases, the Supreme Court held that the appellants had standing and, therefore, that the trial courts had jurisdiction. *Lovato*, 171 S.W.3d at 853; *Lorentz*, 171 S.W.3d at 856. Here, the following excerpts from Hudson's pro se petition demonstrate that he brought the survival action against the defendants on behalf of Johnson's estate and that her estate had a justiciable interest in the controversy sufficient to confer standing:

- "Cornelius Hudson As Heir and Executor of Estate of Alfreda Johnson (deceased), & Alfreda Johnson, (decedent through her Estate)";

- "Plaintiff Cornelius Hudson, as heir, and executor of Estate of Alfreda Johnson, (collectively "Plaintiffs"), who moves the court on behalf of the Estate of Alfreda Johnson, ("Decedent")";

9

- "Each of such acts and omissions, singularly or in combination with others constituted negligence, gross negligence, and negligence per se which proximately caused the incident, and which resulted in the injury of Alfreda Johnson";

- "Plaintiff seeks damages incurred by Decedent due to the illness/injuries he contracted and sustained whilst in the course and scope of his employment as a direct result of Defendants' negligence"; and

- "Defendants are liable for damages arising from the Decedent's illness/injuries that caused her injuries because Defendants' or their agents' or servants' engaged in: a wrongful act, neglect, carelessness, unskillfulness, or default."

Had Johnson been alive when the lawsuit was initiated, she would have been the actual party to the suit regardless of whether Hudson had the capacity to represent her. Therefore, because the pleadings in this case, construed in favor of Hudson, alleged that the defendants' negligent conduct injured Johnson, we conclude that her estate had standing to pursue the claims. *Lovato*, 171 S.W.3d at 853; *Lorentz*, 171 S.W.3d at 856. Much like the appellants in *Lovato* and *Lorentz*, Hudson alleged that he was the heir and the executor of Johnson's estate and that he brought the survival action on her behalf. *Lovato*, 171 S.W.3d at 853; *Lorentz*, 171 S.W.3d at 856. We conclude that Hudson had standing to sue on behalf of Johnson's estate. *See Pratho v. Zapata*, 157 S.W.3d 832, 847–48 (Tex. App.—Fort Worth 2005, no pet.) (holding that a widow had standing to bring a survival claim as an heir on behalf of the deceased's estate without any probate proceedings being opened).

10

### 3. Hudson's Capacity

We next turn to arguably the actual issue in controversy between the parties— Hudson's capacity to sue on behalf of Johnson's estate. But that question is not properly before us because a plea to the jurisdiction is an improper vessel to challenge a party's capacity to sue.

### a. Applicable Law

Capacity is a party's legal authority to sue or be sued. *See Davis v. City of Houston*, 869 S.W.2d 493, 494 n. 1 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Lack of capacity to sue—unlike standing—is an affirmative defense and not a jurisdictional defect. *In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 573 (Tex. 2015); *see Adams v. Prine*, No. 04-16-00327-CV, 2017 WL 96119, at *3 (Tex. App.—San Antonio Jan. 11, 2017, no pet.) (mem. op.) A challenge to a party's capacity must be raised by a verified pleading in the trial court. Tex. R. Civ. P. 93(1)–(2); *Lovato*, 171 S.W.3d at 849.

While the survival statute generally grants an heir standing to bring a claim, typically, "only the estate's personal representative has the capacity to bring a survival claim." *Lovato*, 171 S.W.3d at 850. The well-settled general rule is that "heirs cannot sue in their own right as heirs for property of the estate; the executor or administrator must sue." *Giddings v. Steele*, 28 Tex. 732, 748 (Tex. 1866); *see Shepherd v. Ledford*, 962 S.W.2d 28, 31–32 (Tex. 1998); *see also Gonzalez v. Martinez*, No. 01-15-00693-CV, 2017 WL 2255649, at *4 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.)

11

(mem. op.). An exception to this general rule arises when an heir alleges and proves that there is no administration pending and that none is necessary. *See Shepherd*, 962 S.W.2d at 31–32.

### b. Hudson's capacity was not at issue in the plea to the jurisdiction

Irving Holdings maintains that Hudson lacked capacity to sue because Johnson's estate is presumed to require administration. In other words, Irving Holdings argues that Hudson failed to allege and prove that administration of Johnson's estate was not pending and that it was not necessary. But that is a challenge to Hudson's capacity to sue—not his standing to sue. As noted, a plea to the jurisdiction is an attack on the trial court's subject matter jurisdiction, and lack of capacity to sue is not a jurisdictional defect. *See In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d at 573.

Assuming that the trial court found that Hudson lacked capacity to bring the lawsuit, the trial court could not have granted Irving Holdings's plea to the jurisdiction on that basis because capacity is an affirmative defense and does not implicate a trial court's jurisdiction. *See Shores at Lake Ray Hubbard Owners Ass'n, Inc. v. Lutz*, No. 05-24-00717-CV, 2026 WL 166377, at *6 (Tex. App.—Dallas Jan. 21, 2026, no pet.) (mem. op.); *see also Adams*, 2017 WL 96119, at *3 (reversing portion of judgment dismissing claim against defendant in individual capacity because defendant raised issue of capacity in plea to jurisdiction instead of summary judgment) (citing *Martinez v. Val Verde Cnty. Hosp. Dist.*, 110 S.W.3d 480, 485 (Tex. App.—San Antonio

12

2003), *aff'd*, 140 S.W.3d 370 (Tex. 2004) (noting affirmative defense must be raised in a motion for summary judgment—not in a plea to the jurisdiction)); *Lovato*, 171 S.W.3d at 853, n. 7 ("The burden is on the defendant to challenge capacity via verified plea.").

Accordingly, we hold that the trial court erred by granting Irving Holdings's plea to the jurisdiction and dismissing the lawsuit with prejudice—irrespective of whether its granting was based on Hudson's alleged lack of standing or lack of capacity.[7]

We sustain Hudson's first issue. Because his first issue is dispositive of this appeal, we need not reach the remaining issues. *See* Tex. R. App. P. 47.1 (requiring the court to hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal).

## IV. CONCLUSION

Having sustained Hudson's first issue, we reverse the trial court's order granting Irving Holdings's plea to the jurisdiction and dismissing the lawsuit with prejudice and remand the case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d), 43.3(a).

---

[7]Our holding is narrow. We conclude only that the trial court erred by granting the plea to the jurisdiction regarding Hudson's standing to sue. We express no view of the underlying litigation over Hudson's capacity to sue or the merits of the case.

13

/s/ Brian Walker

Brian Walker
Justice

Delivered:  April 16, 2026

14