Mattie ARMES, Appellant,

v.

Jess and Peggy THOMPSON d/b/a
J & P Thompson Enterprises,
Appellees.

No. 11–05–00209–CV.

Court of Appeals of Texas,
Eastland.

April 20, 2006.

Franklin H. McCallum, Midland, for appellant.

Johnna Bonds McArthur, Russell C. Beard, Russell C. Beard, P.C., Abilene, for appellees.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

This is a survival action alleging a premises liability claim. The trial court dismissed the case for want of jurisdiction finding that the plaintiff lacked standing. We affirm.

### Background Facts

On August 30, 2002, Mattie Armes tripped and fell over a concrete parking stop outside the Bingo Barn, a business owned by Jess and Peggy Thompson d/b/a J & P Enterprises (appellees). She died almost two years later on July 18, 2004, from an unrelated illness. On August 27, 2004, a lawsuit was filed in Armes's name against the appellees. The petition did not indicate that Armes was deceased. Discovery for Armes's past and *future* medical expenses, physical pain and mental suffering, mental anguish, physical impairment, and loss of household services was prayed for, and punitive damages were sought.

Armes's daughter, Cindy Luna, was appointed temporary administratrix for her mother's estate on October 26, 2004. Appellant's counsel filed a suggestion of death on November 10, 2004, on behalf of Luna and requested that she be named as the plaintiff and that the suit proceed in her name. The appellees subsequently filed a motion to dismiss for want of jurisdiction contending that the original petition purportedly filed by Armes did not invoke the trial court's jurisdiction because it was not filed by Armes's heirs or her estate's personal representative. The trial

court granted that motion and dismissed Armes's litigation.

### Issues

■ Appellant contends that the trial court erred when it held that the decedent did not have standing to assert the claims made in the original petition. We review an order on a motion to dismiss de novo. *See Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex.App.-San Antonio 2003, pet. denied).

### Standing versus Capacity

■ Appellant argues that the trial court confused standing with capacity and that it had jurisdiction because the decedent had standing but not capacity. A party has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996).

■ Standing is jurisdictional and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex.1993). Capacity, however, is a procedural defense and must be raised by a verified pleading in the trial court. *See* Tex.R. Civ. P. 93(1); *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 56 (Tex.2003)(an opposing party's lack of capacity can be waived by the failure to properly raise the issue in the trial court).

■ Common examples of parties with standing, but not capacity, are minors and decedent's estates. Minors may not sue or be sued but must appear in court through a legal guardian, a next friend, or guardian ad litem. *See Sax v. Votteler*, 648 S.W.2d 661, 666–67 (Tex.1983)(minors have no right to bring an action on their own behalf unless their disability has been removed). Similarly, a decedent's estate is not a legal entity and may not properly sue or be sued as such. *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex.1975). In general, only the estate's representative has the capacity to act on behalf of the estate. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex.1971).[1]

### Standing to File A Survival Claim

■ At common law, a person's personal injury claims did not survive their death. *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex.1990). The Texas Legislature abrogated this rule with a survival statute that authorizes heirs, legal representatives, or the estate to bring an action on behalf of the decedent. Tex. Civ. Prac. & Rem.Code Ann. § 71.021(b) (Vernon 1997). The statute does not create a new cause of action. *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 404 (Tex. 1993). It is merely a mechanism to prevent a decedent's common law action from being abated because of their death. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 345 (Tex.1992).

Appellant concedes that Armes did not have capacity to file suit and that the estate needed a representative to act on its behalf. But appellant contends that this was cured by the suggestion of death that Luna, as temporary administratrix of the estate, filed. The appellees argue that the survival statute vests the estate with standing and that a deceased person has no justiciable interest.

---

**1.** There are exceptions to this requirement, such as when no administration is pending and none is necessary. *See Shepherd v. Led-* *ford*, 962 S.W.2d 28, 31–32 (Tex.1998). Appellant does not rely upon any exception to the general rule.

The Texas Supreme Court recently addressed questions of standing and capacity in survival actions in *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845 (Tex.2005), and *Lorentz v. Dunn*, 171 S.W.3d 854 (Tex. 2005). In *Lovato*, Pauline Wilson Lovato filed a survival action on behalf of her mother and asserted that she was the personal representative of her mother's estate. Her petition was filed within the statute of limitations, but she was not actually appointed independent executor until after the expiration of the statute of limitations. In *Lorentz*, Cynthia Lorentz filed a survival action on behalf of her sister. Lorentz asserted that she was administrator of her sister's estate. Her petition to be appointed administrator was, however, still pending in the county court; and she was not appointed administrator until after the expiration of limitations.

In both cases, the supreme court found that the plaintiff had standing and, therefore, that the trial courts had jurisdiction. *Lovato*, 171 S.W.3d at 853; *Lorentz*, 171 S.W.3d at 856. The issue was whether Lovato and Lorentz had capacity. Neither had capacity at the time they filed suit because neither had been authorized to act on behalf of the estate. In each instance, however, they acquired that authority within a reasonable time, and the court held that this authority related back to the original petitions. *Lovato*, 171 S.W.3d at 853; *Lorentz*, 171 S.W.3d at 856.

Both parties argue that the supreme court's decisions compel a finding in their favor. There are, however, critical factual distinctions between *Lovato* and *Lorentz* and the facts of this case. In *Lovato* and *Lorentz*, the original petitions clearly indicated that the injured person had died and that the case was being prosecuted by a representative of the estate. Here, the original petition was presumably filed by Armes.[2] There was no indication in the petition that Armes had died. In fact, by seeking future damages, the petition left the definite impression that Armes was very much alive and still suffering an ongoing injury because of her accident.

Under the Probate Code, when an individual passes away an estate is created. The estate is distinct from the individual. *Nguyen v. Morales*, 962 S.W.2d 93, 95 (Tex.App.-Houston [1st Dist.] 1997, no pet.). The estate includes all of the real and personal property, such as any actual or potential cause of action, owned by the decedent. TEX. PROB.CODE ANN. § 3(*l*), (z) (Vernon 2003). However, title to the property vests immediately in the decedent's heirs or devisees. TEX. PROB.CODE ANN. § 37 (Vernon 2003); *see Welder v. Hitchcock*, 617 S.W.2d 294, 297 (Tex.Civ.App.-Corpus Christi 1981, writ ref'd n.r.e.)(there is no shorter interval of time than between the death of a decedent and the vesting of his estate in his heirs). While title vests in the heirs or devisees, this is subject to the decedent's debts; and the personal representative retains legal title, possession, and control for the purpose of administering the estate. STANLEY M. JOHANSON, JOHANSON'S TEXAS PROBATE CODE ANN. § 37 (2005 ed.)(commentary on Section 37).

A plaintiff must have both standing and capacity to bring a lawsuit. *Coastal Liquids Transp. v. Harris County Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). When Armes passed away, she no longer represented a legal entity for purposes of filing suit and, therefore, did not have standing to assert a claim. *Stinson v. King*, 83 S.W.2d 398, 399 (Tex.Civ.App.-Dallas 1935, writ dism'd) ("suits can be maintained by and against only parties

2. The suit was filed approximately five weeks after Armes passed away. The record established that the suit was actually filed at Luna's request.

having an actual or legal existence"). Any claim she owned before her death passed to her heirs or devisees, subject to her estate's administration. Because Armes individually had no standing and because the suit was purportedly filed on her behalf individually, the original petition did not invoke the trial court's jurisdiction.[3]

### Does The Suggestion Of Death Relate Back?

■ Appellant argues that any pleading deficiency was merely procedural and was cured with the suggestion of death. In effect, appellant asks us to treat the original petition filed in Armes's name individually as if it was filed on behalf of Armes's estate. The relation-back doctrine allows an amendment or supplement to pleadings without being subject to a plea of limitation, as long as the amendments are not based on new, distinct, or different transactions. TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997).

■ The relation-back doctrine has been applied to cure capacity issues,[4] but it cannot retroactively create personal jurisdiction. The supreme court allowed the alleged personal representatives in *Lovato* and *Lorentz* to obtain the probate court's authority to represent the estates after they had filed litigation on behalf of the estates. That does not mean, however, that subsequent pleadings can give the trial court jurisdiction over new parties retroactive to the original filing of the suit. *See Covington v. Sisters of Charity of the Incarnate Word,* 179 S.W.3d 583, 587–88 (Tex.App.-Amarillo 2005, pet. denied). In *Covington,* the decedent's sister filed a medical malpractice action individually and on behalf of the estate. The defendants challenged her standing and capacity, and she filed an amended petition adding the decedent's administrator as a plaintiff. *Id.* at 584–85. The trial court dismissed the suit; and the court of appeals affirmed, finding that the amended pleading did not relate back to the original petition. *Id.* at 587–88. The court distinguished *Lovato* and *Lorentz* by noting that they involved changes in the allegations of the capacity of the original plaintiff, not the addition of a new plaintiff. *Id* at 588; *see also Stewart v. Hardie,* 978 S.W.2d 203, 207 (Tex. App.-Fort Worth 1998, pet. denied)(husband, who sued as community survivor of deceased spouse's estate, was not proper party to bring survival action and, therefore, dismissal of survival claim was appropriate).

---

**3.** Armes's estate, in contrast, had standing, *Lovato,* 171 S.W.3d at 850, but not capacity. *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987)(the estate is not a legal entity and cannot sue as such). The Probate Code allows executors and administrators to prosecute suits such as a survival claim to recover estate property for the benefit of the heirs and devisees. TEX. PROB.CODE ANN. § 233A (Vernon 2003). This gives the representative the capacity to assert a survival claim on behalf of the estate. *Lorentz,* 171 S.W.3d at 856. To bring a survival action, then, a party must plead the elements of the decedent's cause of action *and* his authority to prosecute the suit on the estate's behalf. *Coffey v. Johnson,* 142 S.W.3d 414, 417 (Tex.App.-Eastland 2004, no pet.).

**4.** *See, e.g., Lovato,* 171 S.W.3d at 845; *Lorentz,* 171 S.W.3d at 854; *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975) (defendant was dead at the time suit was filed, but limitations were tolled because the petition named the estate as the defendant and the estate's representative was served); *Davis v. Preston,* 118 Tex. 303, 16 S.W.2d 117 (1929)(widow's petition filed individually to recover damages resulting from her husband's death properly commenced suit as regards to limitations—even though she did not become the estate's administratrix until after limitations—because she was always the real party in interest).

We believe a similar situation exists here. Because Armes passed away before this suit was filed, she did not have standing to assert a claim; and the original petition filed in her name individually did not invoke the trial court's jurisdiction. Appellant's reliance on Tex.R. Civ. P. 151 and the suggestion of death is questionable because the rule's language suggests that it applies when the plaintiff dies *after* suit is filed rather than before. Even if it is applicable and even if we construe the suggestion of death as a motion to substitute parties, Luna's suggestion of death did not relate back to the original petition because that pleading was a nullity.

### Conclusion

The trial court correctly determined that it did not have jurisdiction. Armes individually did not have standing to assert a claim; and, consequently, any subsequent pleading would not relate back. Appellant's issue is overruled. The judgment of the trial court is affirmed.