

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | | No. 08-18-00032-CV |
| IN THE MATTER OF THE ESTATE OF | § | |
| JOSEPH ABRAHAM, JR., A/K/A | | Appeal from |
| JOSEPH (SIB) ABRAHAM, JR. | § | |
| | | Probate Court No. 1 |
| | § | |
| | | of El Paso County, Texas |
| | § | |
| | | (TC # 2014-CPR02054) |
| | § | |

**O P I N I O N**

Non-exempt community property that passes hands on the death of a spouse does so subject to the debts of that deceased spouse.[1]  Before the debts are all paid, however, the surviving spouse is accorded a statutory mechanism to obtain legal title to a portion of the community property in an estate by partitioning the property.[2]  To do so, however, the surviving spouse must post a bond sufficient to account for the community property being withdrawn from the estate and obtain court approval.[3]

In this case, Margaret Abraham, Appellant here, did not follow that statutory scheme. Rather, she executed a deed assigning her interest in community property land to a relative and did

---

[1] TEX.EST.CODE ANN. § 101.052(a).

[2] TEX.EST.CODE ANN. § 360.253.

[3] *Id.*

so with an effective date prior to the date of death. The estate representative filed a summary judgment to set aside that deed, which the probate court granted. Finding no error in that ruling, we affirm.

## FACTUAL BACKGROUND

Joseph (Sib) Abraham, Jr., a noted El Paso trial lawyer, passed away on July 4, 2014. He was survived by his wife, Margret Abraham, a son, William D. Abraham, and several grandchildren. His will appointed his wife Margaret as Independent Executrix. She renounced that role, however, and the probate court appointed a granddaughter, Asia Zaragoza, as the Dependent Administrator of the estate. Later, Ms. Zaragoza stepped down, and the court appointed Albert Bloxom as the Successor Dependent Administrator. He is the Appellee here, and we refer to him as the Administrator. The will lists Margaret as the sole beneficiary, with Sib's grandchildren as alternate beneficiaries. William Abraham is not a beneficiary under the will. Multiple creditors filed notices of claims against the estate.

This appeal focuses on one asset in Sib's estate. According to an assumption deed dated June 1, 1982, Sib Abraham acquired a parcel of land located at 415 E. 7th Street, in downtown Austin. The original assumption deed bears only Sib's name. However, Sib acquired that property while he was married to Margaret. Jointly filed tax returns and an estate inventory treat the parcel as community property, an assertion not challenged on appeal. In 2011, Sib pledged the property as security for a $497,000 promissory note payable to GEM Real Estate Investments. That entity filed a claim in the probate proceeding for the outstanding balance owed on the note.

On November 7, 2014 (four months after Sib's death), William Abraham recorded a different assumption warranty deed in Travis County that purported to transfer the 7th Street property from Sib to William. The deed reflected that Sib signed the instrument on January 7,

2

2013, some six months before his death. His signature was notarized by Texas notary, Jackie Brackett. That is where this story takes its first odd turn--Brackett later executed an affidavit stating in relevant part she notarized the deed after Sib died:

- Approximately three to four months after the death of Joseph 'SIB' Abraham, Jr., William 'Billy' Abraham called me at home and asked me to meet him . . . . At that time, Billy indicated that he finally found the deed to the Austin property and that he needed me to notarize it for him.

- The deed he presented was entitled Assumption Warranty Deed, . . . [and] already had what appeared to be the signature of Joseph 'SIB' Abraham, Jr. on the second page. The signature was dated January 7, 2013.

- At that time, I realized that my notary stamp was too new for the date on the Assumption Warranty Deed. Billy asked me to retrieve my old notary stamp from my house.

- I then notarized the Assumption Warranty Deed. Once I finished notarizing the Assumption Warranty Deed, Billy indicated that he was going to Austin to personally file it as soon as possible.

- Since his incarceration, Billy has sent me other documents, including deeds, for me to notarize. I did not feel comfortable notarizing those documents and gave them back to Charlene Enriquez, who is helping Billy while he is in jail.

William Abraham later filed a lis pendens claiming to be the true owner of the Austin property.

Relevant to this appeal, on October 19, 2016, Margaret also executed an assumption deed that grants, sells, and conveys all of her interest in the Austin property to William Abraham, subject to him assuming and promising to pay the remaining unpaid principal and interest on the GEM Real Estate Investment note. The deed states the conveyance is to be effective January 7, 2013 (the same date as on assumption warranty deed with Sib's purported signature). By the time she signed this deed, the dependent administration of Sib's estate was already pending. She did not seek the probate court's permission to execute the deed, nor did she post a bond, which is the nub of our dispute. The Administrator contends that Margaret was required to obtain the probate

3

court's approval (after posting a bond) in order to partition, and then deed her community property interest in the 7th Street property.

To that end, the Administrator filed a petition in the estate proceeding naming Margaret a party. The petition sought to invalidate the October 19th assumption deed that Margaret executed. The Administrator pressed that claim by filing a motion for summary judgment laying out proofs establishing the above stated facts. The motion sought an order cancelling Margaret's transfer deed, and sought a judicial declaration declaring it void. The gist of the motion contended that to transfer any title or legal interest in the property, Margaret would have needed to comply with Texas Estates Code Section 360.253 that allows a spouse to partition community property by posting a bond to protect creditors of the estate. Margaret's response disagreed that a partition was required. She also attached to the response a separately executed "Assignment of Interest," dated December 12, 2017, that more simply assigned her interest in the property to her son William Abraham in exchange for "Ten and no/100 dollars ($10.00)" and his assumption and promise to pay the GEM Real Estate Investment Note.

The probate court granted the Administrator's motion for summary judgment and invalidated the October 19, 2016 Assumption Warranty Deed. The order further declares that any transfer or attempted transfer of her community property interest under that deed is "void, invalid, and of no legal effect."

## DISCUSSION

Margaret brings two issues in her appeal. First, she claims as a matter of statutory interpretation, Section 360.253 is not a mandatory provision. Stated otherwise, she claims to have the *option* of either (1) unilaterally deeding her interest to William, or (2) seeking a formal partition under Section 360.253. Her second issue contends that the Administrator did not conclusively

4

establish facts to invalidate the assignment of Margaret's one-half undivided interest in the property.

## Standard of Review

We review a trial court's decision to grant summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Under a traditional motion for summary judgment motion, the moving party carries the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Helix Energy Sols. Group, Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). That is, the movant must conclusively establish as a matter of law all the elements of his claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Evidence is conclusive if reasonable people could not differ in the conclusions drawn from it. *Gold*, 522 S.W.3d at 431. Once the movant establishes its right to summary judgment, the burden then shifts to the non-movant to present evidence which raises a genuine issue of material fact. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Tranter v. Duemling*, 129 S.W.3d 257, 260 (Tex.App.--El Paso 2004, no pet.). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Fort Worth Osteopathic Hospital*, 148 S.W.3d at 99.

## Controlling Law

When a person dies leaving a lawful will, "all of the person's estate that is devised by the will vests immediately in the devisees[.]" TEX.EST.CODE ANN. § 101.001(a)(1). At same time, the decedent's estate vests subject to the payment of the debts of the decedent, unless those debts

are otherwise exempted by law. *Id.* at § 101.051(a)(1). And more specifically, the community property that was under the deceased spouse's sole or joint management during the marriage continues to be subject to the debts of that spouse upon his or her death. *Id*. at § 101.052(a); *see also* TEX.FAM.CODE ANN. § 3.202(c)("The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage.").

The Estates Code strikes something of a balance to protect both the beneficiaries under the will and the creditors of the decedent. Upon the issuance of letters testamentary or upon the administration on an estate, "the executor or administrator has the right to possession of the estate" as it existed at the date of the testator's death. TEX.EST.CODE ANN. § 101.003. The heir's title is "subject to the decedent's debts; and the personal representative retains legal title, possession, and control for the purpose of administering the estate." *Armes v. Thompson,* 222 S.W.3d 79, 83 (Tex.App.--Eastland 2006, no pet.). "Until the administrator pays all debts owed by the estate and distributes the property, the beneficiaries do not actually hold legal title to the property." *Woodward v. Jaster,* 933 S.W.2d 777, 781 (Tex.App.--Austin 1996, no pet.).

The Estates Code provides mechanisms for the earlier distribution of assets, but only with some protection afforded to estate creditors. For instance, under Section 360.002(a), an executor, administrator, heir, or devisee of a decedent's estate, by written application with the court, may request a partial distribution of any portion of the estate. *Id*. at § 360.002(a). That request, however, can only come after the "inventory, appraisement, and list of claims are filed and approved[.]" *Id*. And the court in making such a distribution must consider the amount of debts and expenses the estate will be liable for. *Id*. at § 360.101(b). Similarly, Section 351.302 allows for the payment of annual net income from estate assets to those who will eventually own those

6

assets, but only upon court order, and upon conditions that will protect the rights of creditors and others. *Id*. at § 351.302.

And relevant here, the Texas Estates Code provides a procedure where a spouse can obtain legal title to their share of community property. Section 360.253 provides that a spouse may apply to have the court partition community property. *Id.* at § 360.253(a). To do so, however, the request must: (1) come after an inventory, appraisement, and list of claims for the estate have been returned (or affidavit in lieu of the same); (2) be accompanied by a suitable bond "in an amount equal to the value of the surviving spouse's interest in the community property" and (3) the court approves the partition, dividing it into "two equal moieties, one to be delivered to the surviving spouse and the other to be delivered to the executor or administrator of the deceased spouse's estate." *Id.* § 360.253(a)(b) and (c). The provision gives creditors a lien "on the property delivered to the surviving spouse to secure the payment of the bond" and a right to sue in their own name to have judgment against the bond. *Id*. at § 360.253(d)(1) and (2).

### **Application**

Margaret's first issue contends that she was not required to follow the partition requirements of Section 360.253. She emphasizes that the statute uses the word "may" (rather than "shall") which makes the partition procedure voluntary. As a matter of statutory interpretation, she claims the use of partition is therefore only one of several options for obtaining title to, and then transferring property from an estate.

Our primary focus in statutory interpretation is to give effect to legislative intent, considering the language of the enactment, as well as its history, the objective sought, and the consequences that would flow from alternative constructions. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383 (Tex. 2000). We seek that intent "first and foremost" in the statutory text.

*Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We also presume that every word in a statute has been used for a purpose and that every word excluded was excluded for a purpose. *Emeritus Corporation v. Blanco*, 355 S.W.3d 270, 276 (Tex.App.--El Paso 2011, pet. denied).

Applying those rules, we agree that the provision is voluntary, at least in the sense that the surviving spouse is not required to partition community property prior to the winding up of an estate. The surviving spouse could do nothing and simply wait until the administrator eventually distributes the available estate assets. We disagree, however, that a spouse can validly deed community property to another person while an estate is pending in derogation of the rights of potential creditors.

Community property that was under the deceased spouse's sole or joint management during the marriage continues to be subject to the debts of that spouse upon his or her death. TEX.EST.CODE ANN. at § 101.052(a); *see also* TEX.FAM.CODE ANN. § 3.202(c)("The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by the spouse before or during marriage."). The Austin property, whether it was jointly or solely managed by Sib is potentially subject to his debts. The extent of those debts, and whether they exceeded the value of the other community assets, is unclear from our record. The probate court's docket sheet, however, reflects a number of other claims filed against the estate, several of which were validated in the probate proceedings. Margaret's view that she can transfer a community property asset out of the estate without the probate court's approval, any input from creditors, or the use of the bond provisions of Section 360.253, thus runs contrary to the text and objectives of the Estates Code. It would literally allow her to transfer assets to a third party of her choosing and shield them from a legitimate estate creditor. The deed that she used, moreover, relies on making the transfer effective as of a date in the past. Yet traditionally, a "deed

8

takes effect only from the date of its delivery, which may be either actual or constructive." *Tuttle v. Turner, Wilson & Co.*, 28 Tex. 759, 773 (1866). She cites no authority allowing a retroactive effective date, which would only invite mischief in the world of secured transactions and creditors rights.

Because the Administrator's Motion for Summary Judgment demonstrated that the October 19, 2016 assumption deed was executed without the probate court's approval, or compliance with Section 360.253, summary judgment was properly granted. We overrule Issue One.

In her second issue, Margaret complains that the probate court could not have invalidated the assignment of her rights in the property to William. The Estates Code specifically allows:

> A person who is entitled to receive property or an interest in property from a decedent under a will, by inheritance, or as a beneficiary under a life insurance contract, and does not disclaim the property under Chapter 240, Property Code, may assign the property or interest in property to any person.

TEX.EST.CODE ANN. § 122.201. An "assignment" is a transfer of some right or interest. *See University of Texas Med. Branch at Galveston v. Allan*, 777 S.W.2d 450, 452 (Tex.App.--Houston [14th Dist.] 1989, no writ). As such, an assignment is a contract between the assignor of a right and an assignee, who receives the authority to assert that right. *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith Partnership*, 323 S.W.3d 203, 211 (Tex.App.--El Paso 2010, pet. denied).

Margaret's brief specifically points to the December 12, 2017 assignment that she executed after the Administrator filed his summary judgment motion, and to which she attached as a part of her summary judgment response. That assignment, however, is not properly before us. It was not the subject of the summary judgment motion, nor was it covered in the order granting summary judgment. That order specifically refers only to the October 2016 assumption deed that Margaret executed. Whatever the effect of the December 12, 2017 assignment may have as between

9

Margaret and William is of no consequence here.  We overrule Issue Two.  The judgment below is affirmed.

August 21, 2019

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.