

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00044-CV

**MARTHA PENA,**
**ON BEHALF OF CELIA ONTIVEROS,**

**Appellant**

 **v.**

**NEXION HEALTH AT WAXAHACHIE INC,**
**D/B/A RENFRO HEALTHCARE CENTER,**

**Appellee**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 92874**

## MEMORANDUM OPINION

"Martha Pena, on behalf of Celia Ontiveros," appeals the dismissal of claims regarding personal injuries to Pena's mother, Ontiveros, pursuant to a motion for summary judgment filed by Nexion Health at Waxahachie Inc., d/b/a Renfro Healthcare Center. Because the trial court erred in dismissing the claims for lack of standing, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

## BACKGROUND

Celia Ontiveros was a patient at a nursing care facility run by Nexion from September of 2014 through early March of 2015. Ontiveros experienced several issues at the facility such as weight loss and falls, and it was alleged that she had been slapped by a nurse. She also developed a pressure ulcer on her foot and toe that were neglected and became infected resulting in the amputation of some of her toes. Ontiveros was transferred to another facility where she later died, due to unrelated circumstances, in July of 2015.

Pena sued Nexion in December of 2016 "on behalf of" Ontiveros for medical negligence, requesting past damages for the injuries to Ontiveros while residing in Nexion's facility. Pena's petition did not allege that Ontiveros had died. After the statute of limitations had run, Nexion discovered at Pena's deposition that Ontiveros had died five months before the original petition was filed.

Ultimately, almost two years after the petition was filed, and after Pena became the administrator of Ontiveros' estate, the trial court granted summary judgment for Nexion and dismissed the claims raised by Pena with prejudice.

## JURISDICTION

Initially, we discuss Nexion's assertion that this appeal should be dismissed because Pena's motion for new trial and, thus, her notice of appeal were untimely. Nexion contends Pena appealed from the wrong order: Pena appealed from the trial court's Order Granting Defendant's First Supplemental and Amended Motion for

Traditional Summary Judgment signed on November 8, 2018 when, according to Nexion, she should have appealed from the trial court's Memorandum Ruling signed on October 8, 2018. We disagree with Nexion.

A judgment issued without a conventional trial, as is the case here, is final for purposes of appeal "if and only if either [1] it actually disposes of all claims and parties then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-193 (Tex. 2001) (emphasis added). *See also Farm Bureau Cnty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015). An order does not dispose of all claims and all parties merely because it is entitled 'final,' or because the word 'final' appears elsewhere in the order, or even because it awards costs. *Lehmann*, 39 S.W.3d at 205. "Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case." *Id*. Even the inclusion of a Mother Hubbard clause in an order, such as "all relief not granted is denied," does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. *Id*. at 203-204; *See also Farm Bureau*, 455 S.W.3d at 163.

Although the trial court noted in its Memorandum Ruling that the purpose of the ruling was to "set forth the trial court's final ruling[,]" there is no clear indication that the trial court intended the memorandum to completely dispose of the entire case. This is particularly true when the trial court ordered Nexion to prepare and circulate an order granting summary judgment and there was no disposition of the case as to the claims raised by Pena "on behalf of" Ontiveros. The memorandum only disposed of Nexion's

motion for summary judgment. In the order signed on November 8, 2018, not only did the trial court grant Nexion's motion for summary judgment, it also dismissed all of Pena's claims with prejudice. Therefore, the Order Granting Defendant's First Supplemental and Amended Motion for Traditional Summary Judgment, signed on November 8, 2019, is the judgment intended by the trial court to be final and from which the timetable for filing a motion for new trial and a notice of appeal ran. Because Pena timely filed a motion for new trial from the date of that order, her notice of appeal was also timely filed, and we have jurisdiction of this appeal.

STANDING

In her first issue, Pena complains that the trial court erred in concluding Pena lacked standing to pursue a claim for medical negligence suffered by Ontiveros prior to Ontiveros's death. This specific conclusion was made in the trial court's memorandum ruling, signed on October 8, 2018, in support of the trial court's later signed order granting summary judgment in favor of Nexion and dismissing with prejudice the claims raised by Pena.

### Summary Judgment—Standard of Review

We review a trial court's summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nichols v. McKinney*, 553 S.W.3d 523, 527 (Tex. App.—Waco 2018, pet. denied). Our review is limited to consideration of the summary judgment evidence presented to the trial court. *See* TEX. R. CIV. P. 166a(c) (no oral testimony may be considered in support of a motion for summary judgment). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve

any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Summary judgments must stand on their own merits. *Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Thus, the non-movant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden. *See id.*; *Nichols*, 553 S.W.3d at 527.

### *Standing—Law*

A party must have both standing and capacity to bring a lawsuit. *Coastal Liquids Transp., L.P. v. Harris Cty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority, and a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). Common examples of parties with standing, but not capacity, are minors and decedent's estates. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). In these circumstances, the law grants another party the capacity to sue on their behalf. *Id.*

Without standing, however, a court lacks subject matter jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). When reviewing a trial court's order dismissing a case for want of jurisdiction, we construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Id.* at 446.

### *Standing—Survival Claims*

At common law, a person's personal injury claims did not survive their death. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Russell v. Ingersoll-Rand*

*Co.*, 841 S.W.2d 343, 344 (Tex. 1992); *Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex. 1990). However, the Texas Legislature abrogated this rule with a survival statute that authorizes heirs, legal representatives, or the estate to bring an action on behalf of the decedent. TEX. CIV. PRAC. & REM. CODE § 71.021.[1] A survival claim belongs to the decedent because the actionable wrong is that which the decedent suffered before her death. *See Lovato*, 171 S.W.3d at 849); *Russel*, 841 S.W.2d at 345.

The parties to a survival action seek adjudication of the decedent's own claims for the alleged injuries inflicted upon the decedent by a defendant. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005). Had the decedent lived, she would have had standing to seek redress in the courts for those injuries, but due to her death, a representative must pursue the claim on her behalf. *Id.* When a decedent has been personally aggrieved by a defendant's conduct, the survival action advances a "real controversy" between the estate and the defendant that "will be actually determined by the judicial declaration sought." *Id.* (*quoting Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996)). Consequently, in a survival action, the decedent's estate has a justiciable interest in the controversy sufficient to confer standing. *Lovato*, 171 S.W.3d at 850.

---

[1] (a) A cause of action for personal injury to the health, reputation, or person of an injured person does not abate because of the death of the injured person or because of the death of a person liable for the injury.
(b) A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives.

TEX. CIV. PRAC. & REM. CODE § 71.021.

*Application*

In the original petition, filed on December 31, 2015, Pena alleged she brought the suit against Nexion as the daughter of Ontiveros, Ontiveros was treated by Nexion in Ellis County, and that all parties to the action were either residents of Texas or conducted business in Texas and committed, in whole or in part, the torts that were the subject of the suit in Texas. Although inartful, the petition alleged that Nexion's negligent conduct injured Ontiveros.

Had Ontiveros been alive when the action was initiated, she would have been the actual party to the suit regardless of whether Pena had the capacity to represent her. A medical liability action, such as this case, is brought by a "claimant"—a person, including a decedent's estate—seeking recovery of damages in a health care liability claim. TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2). Thus, when Pena asserted claims "on behalf of" Ontiveros as a living person—whether mistakenly or not—Ontiveros was the real party plaintiff, the true "claimant." *See Intracare Hosp. N. v. Campbell*, 222 S.W.3d 790, 796 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When Ontiveros died before the lawsuit was filed, her estate became the real party plaintiff and had a justiciable interest in the controversy sufficient to confer standing. *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005). And because the pleadings in this case, construed in favor of Pena, alleged that Nexion's negligent conduct injured Ontiveros, her estate had standing to pursue a claim. Simply because Ontiveros did not style the petition as a representative of the estate of Ontiveros does not mean the estate lacked standing to bring the suit.

*Nexion's Argument*

Nexion argues that pursuant to the Texas Supreme Court opinion in *Shepherd v. Ledford*, 962 S.W.2d 28, (Tex. 1998) Pena was required to plead and prove that no administration of Ontiveros' estate was pending and none was necessary. We disagree with Nexion. As the Texas Supreme Court noted in *Lovato*, the Court in *Shepherd* was "actually describing" a situation in which a decedent's heirs had the capacity, or legal right, to bring a survival action on behalf of the decedent's estate, not standing. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 851 n.3 (Tex. 2005). The Court further acknowledged that many courts of appeals had held that the question of who is entitled to sue on an estate's behalf under the survival statute was an issue of standing; and in so holding, many had relied on *Shepherd*. *Id.* "However," the Court continued, "for the reasons outlined above, the issue is more appropriately characterized as one of capacity." *Id.* Accordingly, Pena was not required to plead and prove that no administration was pending and none was necessary for there to be standing to sue.

Nexion also heavily relies on the Eastland Court of Appeals' opinion in *Armes v. Thompson*, 222 S.W.3d 79 (Tex. App.—Eastland 2006, no pet.) and asserts that it is on point and controls the disposition of this case. We again disagree with Nexion. In *Armes*, the original petition was brought by Mattie Armes, a deceased person. There was no indication in the petition that Armes had died, and by seeking future damages, the petition left the distinct impression that Armes was alive and still suffering an ongoing injury. There was no other person or entity identified as a plaintiff nor was there even a

suggestion that the suit was filed in a representative capacity of any type. The court held that, as a deceased person, Armes did not have standing to assert a claim, and that because the suit was purportedly filed by her, individually, the original petition did not invoke the trial court's jurisdiction. *Id.* at 84. Pena's situation is not like *Armes.* Although Ontiveros was deceased at the time the lawsuit was filed, the suit was not brought in her name, individually. Further, no future damages were requested, which, in *Armes* was used as support for a determination that the suit was brought by the deceased. Thus, the reason asserted for lack of standing in *Armes*, that a deceased person has no standing to bring a claim, is not present here.

### *Conclusion*

Accordingly, taking as true all jurisdictional allegations and evidence favorable to Pena and indulging every reasonable inference and resolving any doubts in her favor, we find the trial court erred in granting summary judgment and dismissing the claims asserted for lack of standing. Pena's first issue is sustained.

### REMAINING ISSUES

In her second and third issues, Pena contends the trial court erred in granting summary judgment on the allegation that Pena lacked the capacity to sue and in failing to grant Pena's motion for leave to amend the pleadings. Because the trial court in its memorandum ruling only determined the issue of standing and did not rule on Pena's motion for leave, we need not decide these issues. We leave those issues to be addressed in the first instance by the trial court.

**CONCLUSION**

Having sustained Pena's first issue, we reverse the trial court's Order Granting Defendant's First Supplemental and Amended Motion for Traditional Summary Judgment and remand the case to the trial court for further proceedings.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Reversed and remanded
Opinion delivered and filed August 31, 2022
[CV06]

