

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00086-CV

WANDA DANIELS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF CARLES B. DANIELS, DECEASED, Appellant

V.

TOTAL QUALITY LOGISTICS, LLC, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2021-1518-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

This Court received a petition for permissive appeal styled *Wanda Daniels, Individually and as Personal Representative of the Estate of Carles B. Daniels, Deceased v. Total Quality Logistics, LLC*. As explained below, we deny the petition because Wanda Daniels died before the filing of the petition for permissive appeal, and there has been no determination as to who is authorized to represent her estate.

It is well-established that an appellate court's decision to accept or deny a properly certified permissive appeal is discretionary. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 731–32 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (Supp.) (court of appeals "*may* accept an appeal permitted by [Section 51.014(d)]" if appealing party files petition showing why immediate appeal is warranted (emphasis added)). We also have discretion to reject a permissive appeal "even when the requirements [for permissive appeal] are met." *Indus. Specialists, LLC v. Blanchard Refin. Co.*, 652 S.W.3d 11, 21 (Tex. 2022) (plurality op.).

The documents attached to the petition and a filing by Total Quality Logistics[1] show that the trial court questioned Wanda's purported heirs' capacity to continue the litigation in Wanda's name after her death. Noticing that glaring defect, we sent the parties a letter to address the question of capacity because "[a] plaintiff must have both standing and capacity to bring a lawsuit." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (citing *Coastal*

---

[1]Total Quality Logistics wrote, "[A]t this point in the litigation it is unclear if Christopher Daniels and Carles Daniels, Jr. have the authority to represent both Wanda Daniels' and Carles Daniels, Sr.'s Estates as the Probate documents for each have not been finalized."

*Liquids Transp. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001)).  The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome, whereas the issue of capacity "is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate."  *Id.* (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE:  CIVIL 2D § 1559 (2d ed. 1990)); *see Armes v. Thompson*, 222 S.W.3d 79, 83 (Tex. App.—Eastland 2006, no pet.); *Loffler v. Univ. of Tex. Sys.*, 610 S.W.2d 188, 189 (Tex. App.—Houston [1st Dist.] 1980, no writ).

Here, suit was originally brought by Wanda Daniels, individually and on behalf of Carles B. Daniels, Sr., deceased.  Because the appendix originally contained no suggestion of death related to Wanda, we sent a letter to Wanda's attorney to determine if the parties had complied with Rules 151 and 153 of the Texas Rules of Civil Procedure.

Rule 151 provides a procedure for substitution upon the death of a plaintiff, as follows: "If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name."  TEX. R. CIV. P. 151.  Rule 153 states that, when a plaintiff dies or ceases to be the executor or administrator of another's estate, "the suit may be continued by or against the person succeeding h[er] in the administration, or by or against the heirs, upon like proceedings being had as provided in the two preceding rules."  TEX. R. CIV. P. 153.

3

A response was filed by Wanda's counsel attaching a suggestion of death filed by Wanda's living heirs, Carles Daniels, Jr., and Christopher Daniels, who are both residents of Georgia. The response attached a suggestion of death filed on August 19, 2024, which was before the petition for permissive appeal was filed on November 12, 2024. The response stated that the trial court had inquired about the issue of capacity, and, in response, Wanda's counsel filed "an update of the probate matters pending in Georgia."

A review of the suggestion of death raises questions. First, the suggestion stated that Carles Jr. and Christopher were Wanda's "two living children." It did not say that the two were the only children or that they were authorized to represent Wanda's estate. With respect to Rule 151, "[t]he administrator or executor referred to in the rule must be an administrator or executor appointed by the courts of Texas." *Eikel v. Burton*, 530 S.W.2d 907, 909 (Tex. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). Further, Section 71.021 of the Texas Civil Practice and Remedies Code "provides that only a personal representative, administrator, or heir may sue on behalf of an estate." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b)); *see Armes*, 222 S.W.3d at 83 ("[A] decedent's estate is not a legal entity and may not properly sue or be sued as such. In general, only the estate's representative has the capacity to act on behalf of the estate." (Citation omitted)). Here, the supplemental record establishes that Wanda's probate is currently pending in Clayton County Probate Court and that no one has yet been appointed to represent her estate.

Further, the suggestion of death also recognized that Wanda "brought forth claims on behalf of the Estate of Carles B. Daniels, Sr. in this cause." It continued, "Plaintiffs anticipate

4

the need for the appointment of a new administrator." While we received a supplemental record showing that, on December 2, 2024, a Georgia court appointed Carles Jr. and Christopher as temporary administrators of Carles's estate "until a personal representative is appointed," no disbursements are allowed from estate expenses without further court order, and the powers of the temporary administrators are limited. The supplemental appendix also contradicts Carles Jr. and Christopher's statements in the petition for permissive appeal that they were named as plaintiffs "individually and as personal representatives of the estates of Carles B. Daniels, Sr., Deceased, and Wanda Daniels, Deceased" at the time the petition for permissive appeal was filed. Nothing yet shows that the trial court here has substituted Carles Jr. and Christopher as party plaintiffs.

Moreover, "[a]n attorney owes a legal duty only to his client." *Dutton v. Clay Dugas & Assocs., P.C.*, No. 09-07-00363-CV, 2008 WL 2369149, at *2 (Tex. App.—Beaumont June 12, 2008, no pet.) (mem. op.) (appeal after remand). The attorney in this case, R. James Amaro, was hired by Wanda, but she is no longer alive. Because "[o]nly certain individuals can qualify to act in the estate's behalf," and "only the appointed personal representative may bring survival claims on behalf of an estate," only the personal representative can authorize Amaro to represent Wanda's estate. *Id.* Here, Amaro filed a letter with the Court on November 12, the same day that he filed a petition for permissive appeal, which said, "Plaintiffs' counsels are not licensed to practice law in Georgia and do not attempt to do so by way of this letter. Rather, the information below is based on information obtained from Plaintiffs' probate attorney that is licensed in Georgia and handling both probate matters."

5

In this case, the record shows, at a minimum, that the trial court order on which permissive appeal is sought was entered after Wanda died at a time where no one was authorized to bring claims on her behalf. As a result, at this stage, a proper plaintiff has failed to make an appearance. *See* TEX. R. APP. P. 28.3.

Because this matter is styled in Wanda's name, Wanda has died, and no one has been appointed to represent her estate, we deny the petition for permissive appeal purportedly filed on Wanda's behalf. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (Supp.); TEX. R. APP. P. 28.3(e)(4), (l).


Scott E. Stevens
Chief Justice


Date Submitted:     January 8, 2025
Date Decided:     January 9, 2025