**Opinion filed February 21, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00294-CV
_____

## DEBRA CARTER, Appellant

## V.

## AGAMERICA LENDING, LLC; AGAMERICA AV1, LLC; RICHARD H. HESTER; KELLY GODDARD; DAVID GARVIN; MICHELLE SCHWARTZ; AND FOLEY & LARDNER LLP, Appellees

### On Appeal from the 220th District Court
### Comanche County, Texas
### Trial Court Cause No. CV16321

## M E M O R A N D U M   O P I N I O N

Appellant, Debra Carter, is the manager of Brazos Valley LLC, a Nevada limited liability company. In the underlying suit that forms the basis of this appeal, Carter complained that Appellee, AgAmerica AV1, LLC (AgAmerica), wrongfully foreclosed on a property owned by Brazos Valley after it defaulted on a loan. The

trial court granted summary judgment in favor of AgAmerica and the other named defendants, and Carter appealed.[1]

Because of jurisdictional concerns, we abated this appeal and remanded this cause to the trial court with instructions to conduct an evidentiary hearing for the limited purpose of determining whether Carter has standing to assert the claims she has advanced in the underlying suit. Thereafter, the trial court held an evidentiary hearing and found that Carter lacked standing to pursue her claims.

We agree with the trial court that Carter has failed to establish that she has standing to bring suit. Accordingly, we vacate the trial court's judgment and dismiss this case.

## I. *Factual and Procedural Background*

We have previously described the facts of this case in some detail. *See Carter v. AgAmerica AV1, LLC*, No. 11-22-00127-CV, 2024 WL 1774099, at *1 (Tex. App.—Eastland Apr. 25, 2024, no pet.) (*Carter I*).[2] In short, Carter and her son Crockett resided on a ranch property owned by Brazos Valley. Although Carter was the manager of Brazos Valley, she had no record ownership of the property. After Brazos Valley defaulted on a promissory note, AgAmerica initiated foreclosure proceedings, and then purchased the property at a judicial sale. AgAmerica thereafter initiated eviction proceedings to remove Carter and her son from the property, and a jury found that AgAmerica was entitled to possession of

---

[1]Initially, the trial court rendered an interlocutory summary judgment. Thereafter, the defendants below dismissed their counterclaims, and the trial court signed a final judgment in favor of AgAmerica and the remaining defendants.

[2]As we note below, we originally issued a memorandum opinion in this cause on April 25, 2024. That opinion was subsequently withdrawn after we granted AgAmerica's motion for judgment nunc pro tunc. In its place, we issued an order abating this case so that the trial court could hold an evidentiary hearing and render findings of fact and conclusions of law in connection with Carter's standing.

the property. On appeal, we affirmed the judgment of eviction. *Carter I*, 2024 WL 1774099, at *9.

In the meantime, Carter had also filed the wrongful foreclosure action that is the subject of this appeal. In that action, Carter brought claims for "quiet title," breach of contract, conspiracy to defraud, breach of the covenant of good faith and fair dealing, bad faith breach of contract, "wrongful foreclosure," violation of the Texas Deceptive Trade Practice – Consumer Protection Act (DTPA), negligence, recovery for "false recorded documents and notary fraud," and declaratory relief. Each cause of action was based on the allegation that AgAmerica had not properly foreclosed on the property, and thus it did not have title.

In response to Carter's wrongful foreclosure suit, Appellees filed a motion for summary judgment, which the trial court granted. Carter then appealed from a final judgment that incorporated the trial court's order granting the summary judgment. On appeal, Appellees argued that Carter did not have standing to assert the wrongful foreclosure claims at issue. However, this argument had not been raised in the trial court, and the record below was not sufficiently developed for us to dispose of this issue. Accordingly, we abated the case so that the trial court, after an evidentiary hearing, could make findings of fact and conclusions of law in connection with Carter's alleged standing. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) (the issue of standing may be raised at any time, including on appeal); *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("[B]ecause a court must not act without determining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case.").

After we issued our abatement order, Appellees filed a plea to the jurisdiction, and the trial court held an evidentiary hearing to determine the issue of Carter's standing. The trial court noted at the outset of the hearing that several documents were filed prior to the hearing on Carter's behalf. However, the filings are not in the record before us, and Carter did not appear at the hearing to present testimony or other evidence.[3]

Following this hearing, the trial court signed findings of fact and conclusions of law, which determined that Carter lacked standing to assert any of her claims in this matter.[4] After the supplemental records were filed and we reinstated this appeal, we invited the parties to file supplemental briefing, if they so desired. None of the parties elected to do so.

## II. *Standing*

Standing is an essential jurisdictional issue. *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 912 (Tex. 2023); *see Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020) (standing is a necessary prerequisite to advancing a lawsuit). A plaintiff has standing when the plaintiff is personally aggrieved by the alleged wrong. *Baxsto, LLC v. Roxo Energy Co., LLC*, 668 S.W.3d 912, 943 (Tex. App.—Eastland 2023, pet. filed); *see Pike*, 610 S.W.3d at 775 ("A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority." (quoting *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001))).

---

[3]Crockett Carter, who is not a licensed attorney, appeared at the hearing and requested that he be allowed to represent Carter. The trial court denied his request. The trial court also denied a request from Crockett to be substituted as plaintiff in the case based on his claim that he had received an assignment of interests from Carter. Nevertheless, the trial court informed Crockett that it would allow him to present evidence in connection with the issues before it. Crockett, however, declined to present any evidence.

[4]At the conclusion of this hearing, the trial court announced that it would grant Appellees' plea to the jurisdiction. However, the record does not include an order granting the plea, nor is there an order vacating the trial court's grant of summary judgment in favor of Appellees.

A party's ownership of a business entity does not convey standing to assert individual claims for damages that were sustained by or to the business itself. *See Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.—Dallas 2005, no pet.) ("An individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity."); *Fredericksburg Indus., Inc. v. Franklin Intern., Inc.*, 911 S.W.2d 518, 520 (Tex. App.—San Antonio 1995, writ denied) ("[A] corporate shareholder may not recover damages individually for a wrong done solely to the corporation."); *see also Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1181 (5th Cir. 1985) (construing Texas law) (a partner did not have an individual cause of action for damages allegedly caused to partnership). Likewise, "[a]s a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988). However, a third party with a legal or equitable property interest may challenge the sale if its interest will be affected. *Id.* "A person owns an 'equitable interest' in property by virtue of an equitable title or claim on equitable grounds, such as the interest held by a trust beneficiary." *S. Cent. Jurisdictional Conf. of United Methodist Church v. S. Methodist Univ.*, 674 S.W.3d 334, 370 (Tex. App.—Dallas 2023, pet. granted).

In considering the issue of standing, we begin by looking to the pleadings for "facts that affirmatively demonstrate the [trial] court's jurisdiction to hear the case." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. However, in some situations, the plaintiff may be "required to prove facts that might be characterized as 'primarily jurisdictional.'" *Blue*, 34 S.W.3d at 554. "For example, when a defendant asserts that a plaintiff organization does not have standing to assert claims on behalf of its

members, an evidentiary inquiry into the nature and purpose of the organization" is required. *Id.*

Where the question of standing has been raised in the trial court, we conduct a de novo review of the trial court's ruling. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020); *Davis v. Gulf Coast Auth.*, No. 11-19-00309-CV, 2020 WL 5491201, at *4 (Tex. App.—Eastland Sept. 11, 2020, no pet.) (mem. op.). Similarly, if the question of standing is raised for the first time on appeal, we construe both the petition "and if necessary, review the entire record to determine if any evidence supports standing." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. However, we consider only the evidence that is necessary to support jurisdiction. "[W]e do not weigh the merits of the claim." *Davis*, 2020 WL 5491201, at *4. "When undisputed evidence supports the plea to the jurisdiction and 'implicates the merits of the case, we take as true all evidence favorable to the nonmovant[,] . . . [and w]e indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Beasley*, 598 S.W.3d at 241 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)) (alteration in original).

In this instance, we have concluded that the nature of Carter's allegations in this case require Carter to prove primary jurisdictional facts. *Carter v. AgAmerica Lending, LLC*, No. 11-22-00294-CV, 2024 WL 5361531, at *2–3 (Tex. App.—Eastland June 20, 2024) (*Carter II*). As such, we consider the entire record to determine if any evidence supports her claim of standing.

### III. *Carter's Arguments*

In her pleadings, Carter advanced three arguments in support of standing to bring her claims.

A.  *Assignment from Brazos Valley*

First, Carter asserted that Brazos Valley assigned to her "all right title and the right to pursue all claims against the named defendants."  Under appropriate circumstances, a party with a valid cause of action may assign their claim to another party.  *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 707 (Tex. 1996).  However, not all such assignments are valid.  *Id.*  Thus, where an assignment tends to create "more protracted and complex" litigation, an assignment of a cause of action may be invalid.  *Id.* at 715.

Here, Carter failed to appear at the evidentiary hearing and present evidence to support her claim of an assignment, and there is no other evidence of such an assignment in the record.  As such, we agree with the trial court that there is no evidence of an assignment between Brazos Valley and Carter.

B.  *Equitable Ownership*

Carter also claimed that she possessed "equity" in the property that amounts to "more than one million dollars," and that she was the "equitable owner" of the property in dispute.  However, Carter again failed to present any evidence to the trial court to support this claim, nor does the record otherwise contain such evidence to support her claim.  Accordingly, we agree with the trial court that Carter's alleged "equitable owner[ship]" interest in the property is not supported by the record.

C.  *Beneficial Ownership*

Finally, Carter claimed that she was a "beneficial interest owner" in the property.  Nevertheless, Carter's role as a manager and owner of Brazos Valley is insufficient to create such an interest, and Carter has failed to otherwise establish any ownership interest.  *See, e.g.*, *Nauslar*, 170 S.W.3d at 250.  Accordingly, we agree with the trial court's finding that there is no evidence of Carter's alleged beneficial ownership interest.

7

## IV. *Conclusion*

The trial court correctly determined, and we likewise conclude, that there is no evidence to support Carter's claims of standing in connection with any of the causes of action that she asserted in this case. *See McLane Champions*, 671 S.W.3d at 912–13. Because we lack jurisdiction to consider this appeal, we refrain from addressing its merits, and we dismiss the case for want of jurisdiction. *See Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 578 (Tex. 2013) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case.") (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)); *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 307–08 (Tex. 2008) (dismissing the entire action because the named plaintiffs in a putative class action suit did not have standing); *Tex. Ass'n of Bus.*, 852 S.W.2d at 444 ("An opinion issued in a case brought by a party without standing is advisory because rather than remedying an actual or imminent harm, the judgment addresses only a hypothetical injury."); *Armes v. Thompson*, 222 S.W.3d 79, 85 (Tex. App.—Eastland 2006, no pet.) (A plaintiff that died after the filing of an original petition "did not have standing to assert a claim; and the original petition filed in her name individually did not invoke the trial court's jurisdiction.").

## V. *This Court's Ruling*

We vacate the trial court's judgment and dismiss this case for want of jurisdiction.

W. STACY TROTTER

February 21, 2025            JUSTICE

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.